## HIBBLER & PEARSON v. DE FOREST, MORRIS & WILKINS.

1. One partner is not authorised, from his connexion in business, to accept a bill as a security for the debt of a third person : and an authority cannot be inferred from the circumstance that the business of the firm is that of commission merchants, to sell cotton, when the plaintiff is aware of all the circumstances under which the acceptance is given.

WRIT of Error to the Circuit Court of Mobile county.

*Assumpsit* by De Forest, Morris & Wilkins, on a bill of exchange, drawn in their favor by A. B. Wooldridge, agaist Child, Hibbler and Pearson as acceptors.

Child pleaded his discharge as a bankrupt, and the plea was confessed. Hibbler & Pearson pleaded the general issue, supported by an affidavit, that the bill was not accepted by them, or by any one with authority from them.

At the trial on this issue, it appeared the drawer of the bill was a planter, and desired certain hardware. He went to Child, one of the firm C., H. & P., and requested him to give the security of the firm to De Forest, Morris & Wilkins, who were hardware merchants, and willing to credit Wooldridge on that condition. The goods were delivered to Wooldridge, and he drew the bill, which was accepted by Child, in the firm-name of Child, Hibbler & Pearson. C., H. & P. were commission merchants and partners in trade in Mobile, but in no way indebted to Wooldridge, nor doing his business. The business of the firm was to receive from the country, and sell on commission, cotton, which might be sent to them for that purpose. The bill was accepted for the accommodation of Wooldridge. These facts were known to the ' plaintiffs. On this state of proof, the court charged the jury, that they might infer from these facts, that the acceptance of the bill was within the business of the firm, and that the defendants were liable on it.

This charge was excepted to, and is now assigned as error.

LESESNE, for the plaintiffs in error, cited Mauldin v. State Bank, [2 Ala. Rep. N. S. 502.]

DARGAN, *contra*, argued, that the office and business of commission merchants, required them to accept bills for their employers or principals, drawn on funds in their hands, or expected to be placed there.

GOLDTHWAITE, J.—The evidence set out in the bill of exceptions, shows that the acceptance of the firm was given by one of the partners as a security for a debt of a third person; and the question is, whether the jury was authorized to infer an au-

thority thus to bind the firm, from the circumstance that they were commission merchants for the sale of cotton.

It is well settled, both in England and in this country, that a partnership connexion does not, necessarily, invest one partner with the power to give a valid security in the name of the firm, either for his own private debt or for that of another. [Gow on Partn. ch. 2, § 2; Story on Part. 191.] The only difference in the application of the rule is, that, in England, it rests with the partners to show they did not consent; while here, the *onus* is cast on the plaintiff. [Story on Part. 192; Dob v. Halsey, 16 John. Rep. 34.] We say it rests with the plaintiff to show the consent of the other partners, but this must be understood with the restriction, that he is the party to whom the security is given; because it is held by several decisions, that a *bona fide* holder will be affected by the want of authority of the partner when the firm name appears. [Arden v. Sharp, 2 Esp. 524; Swan v. Steele, 7 East, 210; Chitty on Bills, 46; Ridley v. Taylor, 13 ib. 175.]

In the case before us, it is stated, all the facts were known to the plaintiffs, and, therefore, the *onus* is thrown on them of showing the consent of the other partners, who deny the authority of Child. It is not necessary there should have been an express assent: it may be implied from circumstances; but there were none such before the jury, unless the consent is to be inferred from the business followed by the firm. We can perceive nothing in the calling of commission merchants which makes them an exception to the general law. Doubtless, they frequently accept bills without being in funds, and on the mere expectation of business to be confided to them; but, if such was the ordinary business of this firm, nothing was more easy than to show it in evidence. It is not, however, our province to determine, in advance, upon what circumstances want of authority may be inferred: it is sufficient to declare that none such existed in this case when before the jury.

The result is, that we consider the charge given by the circuit court as erroneous.

Judgment reversed, and remanded.