[Murphy v. Caldwell.]

# Murphy & Co. v. Caldwell.

*Garnishment on Judgment ; Contest of Garnishee's Answer.*

1. *Admissibility of parol evidence to affect deed.* — A creditor, proceeding by garnishment against the grantee of his debtor, and contesting the answer under an issue on the common counts, cannot claim the benefit of a verbal promise by the garnishee, exacted from him by the debtor as a condition of the execution of the conveyance, to pay said creditor's claim in full, when the conveyance recites, as its consideration, the garnishee's promise to pay all the creditors of the grantors one half of their respective debts.

2. *General assignment for benefit of creditors.* — If a debtor makes an absolute conveyance of all his property to one of his creditors, in consideration of the grantee's promise to pay another creditor the full amount of his debt, and to pay all the other creditors one half of their respective claims (Rev. Code, § 1867), the stipulation for the benefit of the creditor who was to be paid in full will enure to the equal benefit of all the others.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. P. O. HARPER.

HERBERT & BUELL, for appellants.

JUDGE & HOLTZCLAW, *contra.*

B. F. SAFFOLD, J. — The appellee, having obtained a judgment against J. R. Abrams, sued out process of garnishment against the appellants, and brought them into the court as garnishees. They answered that, besides a trivial sum, they were not indebted to the defendant, Abrams, nor had they any effects of his in their possession, or under their control, except as set forth in certain writings referred to. The substance and legal effect of the writings was, an absolute conveyance to the garnishees of all the real and personal property and choses in action of H. S. & J. R. Abrams as partners, and J. R. Abrams as surviving partner and individually, in consideration of their paying fifty cents on the dollar to the creditors of the grantor and his partnership, in full satisfaction of their demands, to which they had assented. The plaintiff contested the answer, and the issue made up was in the form of a complaint, containing one special count on a promise to pay Abrams money, founded on a valuable consideration, one on a stated account, and others on the common money counts, to which the general issue was pleaded. There was an agreement of the counsel to admit any kind of plea, demurrer, or objection available on the facts proved.

The point of the controversy is — Did the garnishees make a valid verbal promise to J. R. Abrams, to pay the plaintiff the full amount of his debt, to induce him to make the conveyance for the benefit of his creditors, which the said plaintiff

[Smith v. Strobach.]

may enforce by garnishment? Parol evidence was introduced, tending to prove such a promise in fact. But it was objected to as incompetent, 1st, because the promise, being to pay the debt of another, was not in writing, expressing the consideration; and, 2d, it varied the consideration expressed in the conveyance.

A peculiar feature of this case is, that the promise upon which the plaintiff (Caldwell) relies, to recover the full amount of his debt, must be supported, if at all, by the deed of composition, which expressly recites, that all of the creditors of the Abrams' must accept fifty cents on the dollar, in full satisfaction of their demands. He assents to its provisions, and concedes its validity, in claiming it as the consideration of the promise of Murphy & Co. to pay him all. If this alleged obligation of the garnishees had been incorporated into the deed, it would have enured to the benefit of all the creditors equally, in obedience to Rev. Code, § 1867. *Longmire* v. *Goode & Ulrick*, 38 Ala. 577. But, existing in parol only, it cannot be proved. *Hart* v. *Freeman*, 42 Ala. 567. R. C. § 2686. The plaintiff claims nothing, except through the promise.

The judgment is reversed, and the cause remanded.

NOTE BY REPORTER. — The foregoing opinion was delivered at the January term, 1873; and on a subsequent day of that term, in response to an application for a rehearing, the following opinion was delivered: —

SAFFOLD, J. — The appellee asks a rehearing, on the ground that the court fell into error in supposing the plaintiff relied alone on the promise of the appellants to pay his demand in full. He tendered the matters of contest of the garnishee's answer, in the form of a complaint in *assumpsit*, which lies alone on promises or agreements, express or implied.

A rehearing is denied.