## PEARSON v. HOWE.

1. The refusal of the primary court, to permit a party to prove the contents of certain advertisements and hand bills, presents no question, unless it is shown what their contents were.
2. An innocent holder for value of an acceptance, improperly made by a member of a firm, by his indorsement of the bill, transfers all his rights to his indorsee, who will not therefore be required to show when he acquired the bill, or that he gave value for it.

Error to the Circuit Court of Pickens.

Assumpsit by the defendant in error, as indorsee, against the plaintiff as acceptor of a bill of exchange.

Upon the trial, the plaintiff produced the bill described in the declaration, accepted by Child, Hibler & Pearson, and proved, that the latter was a member of the firm, doing business in Mobile as commission merchants, at the time of the acceptance, and that some commission merchants were there in the habit of accepting bills for their customers.

The defendant then introduced William Castles as a witness, and proved by him, that he drew the bill, and obtained the acceptance under the following circumstances : Child being indebted to witness, the latter went to Mobile to obtain payment, when Child offered to give him the acceptance of the firm for any goods he might wish to buy in Mobile. Witness bought a lot of groceries of one Field, in whose favor a

bill was drawn by witness, the acceptance obtained by him, and delivered to Field, who had no knowledge of the arrangement between witness and Child. Witness was not a customer of Child, Hibler & Pearson, and had no funds in their hands. Field resided in Mobile, a short distance from the house of Child, Hibler & Pearson, who were cotton commission merchants.

Defendant produced a witness, and proposed to prove by him, that he had seen an advertisement in the newspapers, and in handbills, published by Child, Hibler & Pearson in Mobile, at the time they formed their partnership in 1838, or 1839, and proposed to prove by him the contents of the advertisement, which being objected to, was rejected by the court, and the defendant excepted.

Upon these facts the court charged the jury, that if from the testimony they believed, it was customary for commission merchants to accept bills of exchange for their customers, they might infer that Child had authority to accept this bill, in the name of his firm.

The defendant moved the court to charge, that a co-partnership whose general leading business, was receiving and selling cotton on commission, was not such a partnership as would authorize them to infer that the individual members of the firm had authority to accept bills in the firm name; which the court refused to give, and further charged, that they might infer from the blank indorsement, that it came to the plaintiff's hands before maturity, and that if such was the fact, and he was an innocent holder without notice, they must find for him.

The defendant then asked the court to charge, that if the jury believed Child had no authority to bind the defendant by his acceptance, and he had not since assented to it, then the plaintiff, though an innocent holder, could not recover, and was in no better condition than Field would be in, if he were suing; which the court refused. To all which the defendant excepted, and now assigns as error.

Peck & Clark, for the plaintiff in error:

1. The evidence offered to prove the advertisements in the newspapers, and in the handbills published by Child, Hibler

Pearson v. Howe.

*&* Pearson in the city of Mobile, should have been admitted ; and if the defendant below had failed by other evidence to bring the knowledge of the said advertisements to the plaintiff below, it would then have been competent for the court, either to have excluded it from the jury, or charged them to disregard it. [Driver v. Spence, 1 Ala. N. S. 540; Smith v. Armstead, 7 Id. N. S. 698.]

2. The first charge given by the court to the jury, is is wholly unauthorized by the evidence. The evidence is, that the firm of Child, Hibler & Pearson was then doing business as commission merchants in Mobile, and that some commission merchants in Mobile, were then in the habit of accepting bills for their customers. This evidence most clearly did not even tend to prove a custom. [Langford v. Cummings & Cooper, 4 Ala. N. S. 46-49.]

3. The acceptance in this case being clearly proved to have been made by Child in fraud of his co-partners, the holder was bound to show that he had given value for the bill. [Chitty on Bills, 6 Am. fm. 6 Lon. ed. 31, and note c, and the cases there cited.]

4. The mere fact that a bill of exchange is indorsed in blank, is no evidence from which a jury may infer that it came from the plaintiff's hands before its maturity. The court therefore erred in charging the jury that it was a fact from which such an inference might be drawn ; and the more so, because, a bill transferred after it is due, carries a presumption of fraud. [Chitty on Bills, ed. above named, 127, and the cases cited ; Story on Bills, § 220.]

5. The court erred in refusing to charge the jury that a co-partnership whose general business was that of receiving cotton and selling the same for its customers on commission, was not such a co-partnership as would authorize them to infer from its character, that the individual members had authority to accept bills in the firm name. The rule is otherwise where the co-partnership is a general one. [Chitty on Bills, 35, note n.]

J. B. CLARK, contra.

1. The bill of exceptions not disclosing the contents of the advertisements refused in evidence, this court cannot say

whether the refusal to admit them was erroneous or not. [1 Ala. R. N. S. 517, 521; 7 Ib. 20, 29.]

2. The law in regard to the rights and liabilities of the partners of a firm in the cotton commission business in Mobile, is the same as in any other partnership. [6 Ala. R. 92; Story on Partnership, 106, 107, § 74, 75.]

3. It was not incumbent on the plaintiff in the court below to show that the acceptance was for a partnership transaction. The law will intend that it was made on account of the partnership; and if it was not, but was made for the individual debt of the member of the firm who made it, and that with the knowledge of Field the payee, this ought to have been shown in defence by the plaintiff in error. [7 Ala. R. 20, 27; 2 Ala. 503, 512; 6 Ala. R. 92, 94; 11 T. R. 544, 546-7, marg.; 7 East, 210; 8 Vesey, 542; Chit. on Bills, 8 Am. fm. 8 Lon. ed. 46, note z.]

4. The presumption of law is that the bill was endorsed before maturity. [8 Wend. R. 600.]

5. It being shown by the evidence that Field the payee was no party to the fraud, his subsequent knowledge of its existence would not invalidate the bill in his hands. [7 East, 210.]

6. If the bill was taken *bona fide* by Field, his right to put it in circulation was complete, and by indorsing it he transferred to his indorsee a valid title. Therefore, there was no reason why the indorsee, to enable him to recover, should show he gave value for the bill.

7. The plaintiff in error not having sustained any injury by the charges given or those refused to be given by the court, this court will not reverse even should the charge given on the refusal to charge be improper. [9 Porter, 403; 8 Ala. R. 607; Ib. 889.]

ORMOND, J.—The point attempted to be raised, upon the refusal of the court to permit the contents of certain advertisements and handbills to be proved, is not presented in such a manner, that the action of the primary court can be here reviewed. It is not stated what the advertisements and handbills contained, and without a knowledge of this fact, it is manifest it cannot be known whether the court acted cor-

rectly or not in rejecting them. For any thing shown in the bill of exceptions, the action of the court may have been strictly correct; we certainly cannot be expected to presume that it is not.

The admission of the testimony to prove a custom in Mobile, that commission merchants were in the habit of accepting bills for their customers, may have been insufficient to prove a custom; but this, if an error, could not possibly prejudice the defendant, as such a power was inferrible as matter of law, from the nature of the partnership, as was held in reference to this firm in Hibler & Pearson v. De Forrest, Morris & Wilkins, 6 Ala. 92.

When suspicion is cast upon a mercantile security, by proof that it was made without consideration, or has been fraudulently or improperly put into circulation, the holder, before he can recover, must prove that he gave value for it, and acquired it before it was dishonored. [Marston v. Forward, 5 Ala. R. 347; Thompson v. Armstrong, 7 Ala. 256; Heath v. Sansom & Evans, 2 Barn. & Al. 291.] That proof is very satisfactorily made in this cause, as it is shown to have been an arrangement between the drawee, and Child, one of the firm, to pay the private debt of Child with the effects of the firm in which he was a partner, without the knowledge or consent of his co-partners. But it is equally certain from the proof, that Field furnished his goods upon the faith of this acceptance, and without any knowledge of the improper conduct of Child, or of any fact calculated to put him on inquiry as to the character of the acceptance. He is therefore an innocent holder for value, and it results necessarily, that he imparted all his rights to the plaintiff, by his endorsement of the note to him. It is therefore unimportant to inquire in this case, as to the presumption from a blank indorsement, of the time when it was made.

This is decisive of the entire case, and although some of the charges of the court may not be critically accurate, the defendant was not prejudiced thereby, as the court would have been justified in telling the jury, that upon the defendant's evidence, in connection with the note and indorsement, the plaintiff was entitled to recover.

Let the judgment be affirmed.