Hart v. Freeman.

HART *vs.* FREEMAN.

[ACTION ON PROMISSORY NOTE BY ENDORSEE AGAINST MAKER.]

1. *Promissory note; when* `maker will be protected in payment of the not
to payee after endorsement.* —The maker of a promissory note, *not nego-
tiable,* may pay the same to the payee, after its maturity, even though
the note be not produced and delivered at the time of payment, pro-
vided the maker has had no notice of the indorsement or transfer of
the note to a third person. And such payment would be a valid and
competent defense against the note, should it afterwards appear, and
suit be brought thereon against the maker by another holder.

2. *Same; same.*—If payment is made by the maker to the payee, and the
note be not delivered up at the time of payment, and suit is afterwards
brought thereon against the maker by another holder claiming to be

the indorsee or transferee of the note, the burden of proof rests upon the plaintiff in the action—the defendant having proved the payment—to show that the defendant had notice of the transfer, or endorsement, before the payment was made.

3. *Same ; notice of endorsement, question for the jury.*—The sufficiency of the evidence to prove the facts relied upon to constitute notice, is a question for the jury.

4. *Composition of debts must be in writing ; not varied by parol evidence.*—Settlements for the composition of debts must be "in writing."—Revised Code, § 2686,) and the writing alone must be looked to for the terms of the settlement ; it can not be varied, or explained by parol evidence.

APPEAL from the City Court of Montgomery. Tried before Hon. T. M. ARRINGTON.

THIS action was brought by the appellant against the appellee ; was commenced on 8th April, 1866, and was founded on a promissory note made by the appellee, dated February 5th, 1862, and payable by the first day of January next thereafter, for the sum of $1,000, with interest from date, to Willis R. Calloway, or order, who endorsed said note before maturity to the appellant. At the fall term, 1867, there was a verdict and judgment for the defendant. The questions of law raised by the bill of exceptions, will be sufficiently understood from the opinion of the court.

ELMORE, KEYS & GUNTER, for appellant.
WATTS & TROY, *contra.*

JUDGE, J.—The maker of a promissory note, *not negotiable*, may pay the same to the payee after its maturity, even though the note be not procured and delivered up at the time of payment, provided the maker has had no notice of the indorsement or transfer of the note to a third person. And such payment would be a valid and competent defense against the note, should it afterwards appear and suit be brought thereon against the maker by another holder.

If payment is made by the maker to the payee, and the note be not delivered up at the time of payment, and suit is afterwards brought thereon against the maker by another

holder claiming to be the indorsee or transferee of the note, the burden of proof rests upon the plaintiff in the action— the defendant having proved the payment—to show that the defendant had notice of the transfer or endorsement, before the payment was made.

The sufficiency of the evidence to prove the facts relied upon to constitute notice, is a question for the jury.

We proceed to apply the legal rules above announced to the case before us:

1. The defendant below testified as a witness in his own behalf, "that on the 16th of May, 1863, he paid Willis R. Calloway, the payee of the note, one thousand dollars in discharge of the note; that he called on said Calloway on that day to pay the note, and that as a reason for not producing or surrendering the note at the time of said payment, Calloway said the note was in the hands of his partner, P. Lilly, in the State of Kentucky; and that when he made said payment, he took from Calloway a receipt, showing the payment." The receipt was produced and read in evidence, and is as follows:

Received, Montgomery, May 16th, 1863, of Flemming Freeman, one thousand dollars, in payment for a note held by P. Lilly, and endorsed by me, this being the principal on said note. I am to pay the interest which may have accrued on the within note."

(Signed,)                          W. R. CALLOWAY.

The defendant also testified that he "never heard of the transfer or endorsement of said note by said Calloway, until he saw the said receipt; that when the receipt was written he had then paid the money; but that the payment of the money and the giving of the receipt were all done as part of the same transaction, occurring at the same time."

The plaintiff asked the court to charge the jury that the receipt, (copied above,) "was sufficient evidence of the fact to charge the defendant with notice that Calloway had transferred the note; which charge the court refused to give; but charged the jury that said receipt was evidence of notice to defendant that Calloway had transferred the

note, but was to be considered in connection with the other evidence in the case, as to the nature and character of the notice of transfer given to defendant."

The plaintiff excepted to the refusal to give the charge as asked ; but not to the charge as given.

Had the charge as asked been given, it would have excluded from the consideration of the jury all the facts in evidence connected with the payment by the defendant, and the execution of the receipt by Calloway, some of which facts at least, tended to show that the payment was made before any notice to the defendant of the transfer of the *title* to the note ; and would have restricted the jury to the consideration of the receipt alone, in determining the question of fact as to whether the defendant had notice of the transfer or not, before the payment by him to Calloway. The court, therefore, properly refused to give the charge, based as it was, upon this *selected portion* of the evidence. *Ogletree v. The State*, 28 Ala. 693 ; *Aaron & Ely v. The State*, 29 Ala. 684.

2. The plaintiff also asked the court to charge the jury, that " the receipt, taken in connection with all the other evidence in the cause, was sufficient notice to the defendant that Calloway had transferred his interest in the note," which charge was refused by the court.

The court could not have given this charge without an invasion of the province of the jury, as it, in effect, *required the court to determine upon the sufficiency of the evidence.* The charge was, for this reason, properly refused.

3. The plaintiff further requested the court to charge the jury, " that the plaintiff was entitled to recover the balance of the note and interest, after deducting the thousand dollars paid to Calloway, as shown by the receipt in evidence, if the jury believed the whole testimony."

This charge the court should have given. The receipt showed the payment of the *principal* of the note only, and contained an obligation on the part of Calloway to pay the *interest ;* which negatives the idea that the payment of the principal was understood to be a *composition* of the whole debt. The Code requires settlements for the *composition* of debts to be " *in writing.*"—Revised Code, § 2686. In

every such case, the writing alone must be looked to for the terms of the settlement; it can not be varied or explained by parol evidence, as may a single receipt.   Hence, the parol testimony of the plaintiff that he paid the principal in discharge of the note, cannot be coupled with the receipt, to make the two together  amount to evidence of a composition of the whole debt.   If the defendant paid the principal of the note, before he had any notice of its transfer, he was entitled to a credit for that amount ; but he was liable to the plaintiff for the interest which had accrued upon the note.

4. The defendant testified, as hereinbefore stated, that at the time of the payment to Calloway, the latter stated that the note was in the hands of his partner, Lilly.   The plaintiff objected to this declaration of Calloway, " as evidence, that he and Lilly were partners, or had a joint interest in the note."

It was competent to prove the fact of payment ; and the declarations of both the payor and payee, made at the time of the payment, in relation  thereto, were also competent evidence on the principle of *res gestœ*.   If competent evidence is admitted by the court for a wrong purpose, the opposite party should ask an appropriate charge limiting its effect.—*Cook & Scott v. Parham*, 24 Ala. 21.

It follows that the court did not err in refusing to exclude the declaration of Calloway, objected to.

5. The evidence of one Pleasant Lilly, taken on interrogatories, was introduced by the plaintiff.   The witness, in answer to the fifth interrogatory in chief, which called for proof of notice to the defendant of the transfer of the note to the plaintiff, detailed a conversation which occurred between the witness and the defendant in December, 1865, when such notice was given.   No declarations of the defendant were called for by the interrogatory.   The defendant stated in the conversation, as detailed by the witness, several things in regard to the note and its payment ; and among them, " that the note was given for mules, and that he supposed Calloway and the witness were partners."   The plaintiff " objected to the statement of the defendant to

Lilly that he supposed Calloway and Lilly were partners, as evidence that they were partners."

The plaintiff might successfully have moved to suppress the whole of these declarations, as none of them had been called for by the interrogatory; but we are at a loss to conceive of any correct principle upon which the plaintiff could make selection of a part of the declarations of the defendant, and introduce them in evidence, and have a part excluded as evidence, when all of them were made at the same time, and in the same conversation, and relate to the same subject matter. The court did not err in refusing to permit the plaintiff to do this.

For the error we have pointed out, the judgment must be reversed, and the cause remanded.