# Ponder *et al.* v. Cheeves *et al.*

### *Statutory Action of Ejectment.*

1. *Ejectment; when pleas in former suit admissible in evidence.* Where in an action of ejectment the issue is as to adverse possession by defendant, pleas in a former action of ejectment between the same parties for the same lands, which set up an adverse claim by defendant in that suit, are admissible as tending to show that the defendant in the pending suit, who had formerly held the land as plaintiff's tenant, had repudiated plaintiffs' title.

2. *Same; same.*—The erroneous introduction of evidence, which is, at the time, inadmissible, is cured by the subsequent introduction of evidence which renders it admissible; and where, in an action of ejectment the complaint in a former suit in ejectment between the same parties, when offered by itself is inadmissible, the introduction in evidence of the pleas in said former suit, as being relevant to the issue in the pending suit, renders admissible said complaint, as being necessary to render the pleas intelligible and applicable.

3. *Evidence; charges limiting its operation.*—If evidence, which is admissible for one purpose only is admitted generally, the opposite party can not move its exclusion; but his remedy is to request instructions from the court to the jury limiting its operation for the purpose for which it was admissible.

4. *Ejectment; adverse possession.*—Where, in an action of ejectment it is shown that at one time the defendant held the lands sued for as tenant of the plaintiff, but the former claims that he subsequently commenced to hold adversely, to make good his defense, the defendant must show a disclaimer of the original title, and an actual hostile possession, of which the plaintiff had actual notice, or which was so ostensible and notorious as to afford a reasonable presumption of notice.

5. *Same; admissibility of schedule of a bankrupt and certificate of bankruptcy.*—Where, in an action of ejectment the issue is as to adverse possession by defendant, the schedule filed by the defendant in the federal court, in connection with his petition praying to be adjudged a bankrupt, in which he admits the purchase by the plaintiffs of the lands sued for and claims a right to redeem said lands, is admissible in evidence as tending to show an admission by the defendant that he held said land as tenant of the plaintiff; but the admission of said schedule does not authorize the introduction in evidence of the certificate of bankruptcy or of the other proceedings therein, which were wholly immaterial to any issue in the ejectment suit.

6. *Evidence; when copies of pleas admissible.*—When the original pleadings in another case, which would be admissible in evidence in the pending suit, are lost, the copies thereof, upon which the proceedings in the former case were had, and which were found in the files of the cause, are competent evidence, though there was no endorsement on the pleas of the date and fact of their being filed in said former cause.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. LEROY F. BOX.

This was a statutory action of ejectment, brought by the appellants against the appellees, to recover certain lands specifically described in the complaint, and was commenced on December 21, 1892. The defendant interposed three pleas : 1st. The general issue. 2d. Adverse possession by defendants and Stephen W. Herren, defendants' ancestor, under whom they claim title, for more than ten years before the institution of the suit. 3d. The statute of limitations of twenty years under adverse possession and claim of ownership by defendants and their ancestor, Stephen W. Herren. The cause was tried on issue joined upon these pleas.

On the trial of the cause, as is shown by the bill of exceptions, it was admitted by the defendants that some time prior to the latter part of the year 1867, T. R. Hambrick, D. V. Creider, and F. W. Buckalew, who were ancestors of some of the plaintiffs, recovered judgments in

the circuit court of Randolph county against Stephen W. Herren for amounts aggregating between five and six thousand dollars; that those of the plaintiffs in the present suit who were descendants of the said Hambrick, Creider and Buckalew were their only heirs-at-law, and the other plaintiffs, Ponder, Mills and Slaughter owned an interest in the judgments which were recovered against the said Herren ; that executions were regularly and legally issued on these judgments, and were levied by the sheriff on the lands described in the complaint as the property of Stephen W. Herren, who was in the possession of said lands, at the time of the levy; that said lands were duly advertised and sold by the sheriff, and were bid off at the sale by J. R. Hambrick, one of the execution creditors, under an agreement between him and the other execution creditors; that afterwards, a deed was executed by said sheriff to said Hambrick, Buckalew, Creider, Mills, Slaughter and Ponder, and that it described the lands in dispute and the consideration bid and paid for them, which was $85.00 ; that the deed was delivered to one W. H. Smith, to be recorded, and he delivered it to the judge of probate for that purpose, and it had been lost. This admission supplied the place of the original deed on the trial. It was further shown that said deed was executed in the latter part of the year 1867.

The defendants introduced a number of witnesses, whose testimony tended to show, that said Stephen W. Herren, their ancestor, was in possession of said lands in 1867, had been in possession of them for a number of years prior to that time, and continued in their possession down to the date of his death, which occurred in the year 1886, and that his wife and children had been in possession of them ever since ; that he cultivated a part of said lands, had rented parts of them at different times to different persons, exercised acts of ownership over them, and spoke of them to the witnesses as his lands. None of these witnesses, however, testified to any facts tending to show that the plaintiffs knew or had notice that he claimed the lands adversely to them. The plaintiffs in rebuttal, introduced a number of witnesses who testified to facts tending to show, that said Herren, up to the date of his death, or a short time before, recognized the plaintiffs' title to the lands as superior to his. R. S. Heflin testified, that he was a brother-in-law

of said Herren, and knew the parties to the suit ; that he was present at the sheriff's sale of said lands under executions against said Herren ; that in the latter part of the year 1867, after said sale, one Heaton, a son-in-law of said Herren, rented said lands from the purchasers at execution sale for said Herren, and that he and said Heaton farmed together on the lands in the year 1868 ; that Herren continued to live on the lands down to the time of his death in 1886; that during the time said Herren lived on the lands, after the sheriff's sale, he talked to witness about the lands and told him that they belonged to Ponder and others, but that he hoped to pay off the old debts and redeem the lands, and tried to borrow money from witness for that purpose ; that about a year before the death of said Herren, he came to witness to get him to with him to Tallapoosa county to see Ponder, about redeeming the lands ; that they went and Herren spoke to Ponder of the lands belonging to him, and asked Ponder if he would pay the principal of the debt, if he would remit the interest and allow him to redeem, which Ponder agreed to do. There was other evidence by plaintiffs of like tendencies. The plaintiffs also introduced the petition of said Herren filed in the United States District Court in December 1868, praying to be adjudged a bankrupt, and in connection therewith, his schedule of property, in which the lands sued for were mentioned, and in which schedule, he stated that said lands therein described had been sold under executions from the United States District Court and from the circuit court of Randolph county in 1866 or 1867, and were subject to redemption under the laws of Alabama. It was admitted by defendants, that the judgments in favor of the plaintiffs in this suit, rendered by the circuit court of Randolph county against said Herren, under which said lands were sold under execution issued on the same, amounted to between $5,000 and $6,000, and that no payment had ever been made on the same. It was also shown, that the lands sued for were a part of the same lands which were described in said schedule.

The defendants offered in evidence, a duly certified copy of a certificate of the discharge in bankruptcy of the said Herren, issued in the year 1876. To the introduction of this certificate, the plaintiffs objected, on the

[Ponder *et al.* v. Cheeves *et al.*]

ground that the same was irrelevant, but the court overruled the objection, and plaintiffs excepted.

The defendants also offered in evidence a complaint in an ejectment suit by these same plaintiffs against said Stephen W. Herren, for the recovery of the possession of these and other lands therein described, filed in the circuit court of Randolph county, on the 31st of December, 1878, and a paper purporting to be the pleadings by the defendants in said cause, on which the case was tried. The plaintiffs objected to the complaint on the ground, that the same was irrelevant, illegal and incompetent evidence, but the objection was overruled and the plaintiffs excepted. In connection with the offer to introduce the pleadings, the defendants examined W. H. Smith, who testified, that he was one of the attorneys of Herren in that cause, and was present at its trial; that the pleas offered in evidence were the same pleas on which the cause was tried; that the original pleas were lost, and the cause was tried on these pleas as a substitute for the original pleas. The pleas were two in number, on the same paper, as appears; the first presented, being in form not guilty, and the second, that defendants and their ancestor have held the lands sued for, and not disclaimed by the plea, adversely for ten years next preceding the institution of this suit. It was begun against said Herren, and seems to have been tried against his heirs, made parties after the death of said Herren. This paper had no endorsement of the date and fact of its filing in the cause, but was shown to have been found in the file of the papers in the cause. The plaintiffs objected to the introduction of this paper, because it did not show that it was ever filed in the cause; that there was no date on the same, showing when it was put in court, and that it was illegal, incompetent and irrelevant evidence. The court overruled the objection and admitted the evidence, to which plaintiffs excepted.

The defendants admitted on the trial, that there was no adverse holding against plaintiffs, prior to the year 1876; that while said Herren was in bankruptcy, the lands were in the custody of the law; but insisted that since that year, they have held the same adversely against the plaintiffs.

Upon the introduction of all the evidence, the plaintiffs requested the court to give to the jury the general

affirmative charge in their behalf, and duly excepted to the court's refusal to give said charge as asked. There were verdict and judgment for the defendants. The plaintiffs appeal, and assign as error the rulings of the court upon the evidence, and the refusal of the court to give the general affirmative charge for the plaintiffs.

JAMES R. DOWDELL, for appellant.—1. The complaint in the former ejectment suit was not admissible in evidence. It was only a statement of counsel, and was not sworn to and could not be taken and used as an admission against the plaintiffs.—1 Brick. Dig., 829, § 353. The defendants' pleas in the former suit of ejectment were incompetent and illegal as evidence in the present suit. The certificate of discharge and bankrupcy were clearly irrelevant. The admission of this illegal and irrelevant evidence was calculated to prejudice the minds of the jury against the plaintiffs, and work a reversal of the cause.—1 Brick. Dig., 809, §§ 90–93; 3 Brick. Dig., 443, § 555.

2. The written charge asked by the plaintiff should have been given. The affirmative charge should be given whenever the court would sustain a demurrer to the evidence. This seems to be the test.—*Bromley v. Bir. Mineral R. R. Co.*, 95 Ala. 397; *Central R. R. & B. Co. v. Roquemore*, 96 Ala. 236; 3 Brick. Dig., 109, §§ 43, 47.

3. The evidence shows that the relationship of landlord and tenant existed between the parties, and there is no conflict in the testimony on this point. Before the statute of limitations can be put in operation by a tenant against the landlord, and the defense of adverse possession set up, the tenant must repudiate the tenancy and give his landlord notice.—*Jones v. Pelham*, 84 Ala. 208; *Wells v. Sheerer*, 78 Ala. 142; *Lucas v. Daniels*, 34 Ala. 188.

SMITH & LOWE, *contra*.—1. The complaint in the former action of ejectment was admissible in evidence. It was not offered to show admissions or averments therein made, nor as direct evidence of the facts averred, but simply to show the fact of the former suit.—*Brown v. Prude*, 97 Ala. 639.

2. Even if Herren disclaimed ownership and recog-

[Ponder *et al.* v. Cheeves *et al.*]

nized plaintiffs as his landlords at the time of the filing of his petition in bankruptcy in 1868, his subsequent conduct in the exclusive use and occupation of the lands under claim of title for more than twenty years, without recognition of the claim, or the rights of plaintiffs (which the evidence tended to show) would have authorized the jury to presume, either that Herren had redeemed the property, or had obtained an order setting the sheriff's sale aside, or some other fact to quiet defendant's long continued adverse possession.—*McArthur v. Carrie*, 32 Ala. 75 ; *Long v. Parmer*, 81 Ala. 384, and authorities cited ; *Fletcher v. Fuller*, 120 U. S. 534.

HARALSON, J.—1. The introduction of the complaint in the former suit in ejectment, if it had been offered by himself, was clearly inadmissible, on the objection raised to it, that it was irrelevant. The plaintiffs if they failed in that suit, were not barred thereby, to bring another for the same lands.—Code, § 2714 ; *Ex parte Shear*, 92 Ala. 596. But this complaint was evidently offered in connection with the pleas in said suit. And, if these were admissible, for any purpose, the complaint, though not admissible by itself, was rendered admissible by the introduction of the pleas, inasmuch as the complaint was necessary to render the pleas intelligible and applicable.—1 Brick. Dig., 887, § 1188. Whether offered separately or together, the objection of the plaintiffs is the same, going to their entire irrelevancy. The evidence introduced by defendants, tended to show, that for more than ten years before the institution of this suit, they and their ancestor, from whom both parties claim title, had held the lands adversely to the plaintiffs, claiming title ; but, they did not testify to any facts tending to show that the plaintiffs had any knowledge or notice of such hostile claim by them. The plaintiffs' evidence tended to show a recognition by Herren of their superior title,during the whole time he was in possession, and that, after the purchase by plaintiffs of these lands, at execution sale in 1867, Herren became the tenant of the plaintiffs, by renting the lands from them. If he afterwards disclaimed the plaintiffs' title, it was necessary for him to show such a disclaimer, and the setting up of an actual, hostile possession, of which the true owner had notice.— *Lucas v. Daniels*, 34 Ala. 188.

[Ponder *et al.* v. Cheeves *et al.*]

The introduction of the complaint and the pleas in the former ejectment suit tended to show, and were admissible for the purpose of showing, a repudiation of plaintiffs' title, and the assertion of a possession hostile to them. For this purpose, the objection interposed, that the pleas were not marked filed, and were simply found in the file of paper in that cause was not good. The evidence of W. H. Smith established the fact, that before the trial of the cause, the original pleas had been lost, but that these were substituted for them, and the cause was actually tried on these identical substituted pleas. This identification of them was as full as if the originals had been produced, and there was no error in the admission of this evidence, as tending to show notice to and knowledge of plaintiffs that defendants repudiated their title. If the evidence was competent for this purpose, and was admitted generally, the opposite party could not move its exclusion, but if he desired, should have requested instructions from the court, limiting its operation.—*Scruggs v. Bibb*, 33 Ala. 481; *Park v. Wooten*, 35 Ala. 242.

2. The certificate of bankruptcy of Herren introduced by defendants, against the objection of plaintiffs, was not relevant on any conceivable ground. It did not prove, or tend to prove, any issue in the case. It was entirely immaterial to the issues, to whether Herren had ever been discharged in bankruptcy or not. The plaintiffs had introduced the petition and schedule in bankruptcy, for the purpose of showing an admission by Herren, that he was then in possession of the lands as tenant of the plaintiffs' ancestor, Hambrick, and the evidence was competent for that purpose. Its admission for that purpose, did not authorize the defendants to introduce the balance of the proceedings in bankruptcy.— *Smith v. McGehee*, 14 Ala. 408; *Locke v. Winston*, 10 Ala. 849. The effect of such illegal evidence is to confuse and mislead a jury, and ought not to be sanctioned.

3. There was no patent ambiguity in the lands described in the schedule, as suggested by counsel for defendants. The complaint describes the lands as lying in Randolph county, Alabama, and the proof was, that the portion of the lands described in the schedule were the same lands as here sued for.

4. There was no error in refusing the general charge

for plaintiffs. The evidence was conflicting, rendering such a charge improper.

Reversed and remanded.