[Penney v. McCauley.]

# Penney *v*. McCauley.

## *Assumpsit.*

(Decided Dec. 19, 1911.    Rehearing denied Jan. 30, 1912.
57 South. 510.)

1. *Charge of Court; Weight of Evidence.*—The charge that in weighing the evidence of plaintiff, the jury may consider his demeanor and if he willfully swore falsely to any material fact, the jury could disregard his entire evidence, was a proper charge and should have been given where the evidence was in conflict, and the testimony of plaintiff was material.

2. *Same; Argumentative.*—A charge that, as a circumstance, the jury to determine a fact, might look to another fact, is not only argumentative but singles out a particular part of the testimony.

3. *Same; Weight and Sufficiency of Evidence.*—It is not reversible error to refuse a charge asserting that in considering the weight which the jury will give to the testimony of a witness they can look to the fact, if it be a fact, that the witness was not interested in the result of the case.

4. *Same; Request; Necessity for.*—Where a charge is abstractly correct but is supposed by the adversary party to possess misleading tendencies, it becomes the duty of such party to request an explanatory charge.

5. *Witnesses; Impeachment; Cross Examination.*—It is competent on cross examination of a witness who had detailed a transaction on his direct examination to show that when asked about the transaction supposed to be within his knowledge, prior to the trial, he had remained silent, as bearing on the credibility of his testimony.

APPEAL from Morgan Circuit Court.

Heard before Hon. MARVIN WEST, Special Judge.

Action by Charles S. McCauley against J. E. Penney on a due bill. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The witness Kent was examined by interrogatories, and objections were interposed to the fourth cross-interrogatory: "Isn't it a fact that Charles S. McCauley asked you in the presence of Thomas L. Jones, and also in the presence of A. E. Martin, in the city of Huntsville, Ala., on or about the 6th day of October, 1909, to

32 CA

state, if you remembered a conversation between him and J. E. Penney in the year 1903, and that you failed or refused to state, in the presence of either of them, anything about the matter?" Counsel also objected to that portion of interrogatory 1 on cross concluding as follows: "Or that in substance the interrogatory being, was it not a fact that on a certain day the witness stated to McCauley, in the city of Huntsville, that it was so long ago that the witness had no recollection of what was said in any conversation between McCauley and Penney in 1903."

The following charges were refused to the appellant: (4) "In weighing the evidence of the witness McCauley, you may consider his demeanor upon the stand, together with what he has to say as a witness; and if, after considering all the evidence, you find that he is contradicted as to material matters in the case by other evidence, and that he has sworn to any one material fact in the case falsely, and that this was willfully done by him, then, if you see proper so to do, you can disregard his entire evidence in this case." (3) "As a circumstance to which you may look in determining whether defendant agreed with plaintiff to let him have the farm, as is alleged in plea 4 and 5 filed in this case, you may look to the fact, if it is a fact, that plaintiff collected rents from some of the tenants for the year 1903." (B) "I charge you that, in considering the weight which you will give to Thomas Kent's testimony, you can look to the fact, if it be a fact, that he was not interested in the result of this case."

The court, at the request of plaintiff, gave the following charges: (1) "The burden of proving that the duebill has been paid is upon Penney." (2) "That the meaning of the duebill itself was that, while the rents of the entire McCauley place were pledged to McCauley

[Penney v. McCauley.]

as security merely for the payment of the amount called for by the duebill, yet those rents were not to constitute any payment on the duebill until and unless collected by McCauley."

KYLE & HUTSON, for appellant. The court erred in fusing charge 4.—*A. S. & W. Co. v. Griffin,* 149 Ala. 654; *Gillespie v. Haster,* 160 Ala. 447. Counsel discuss other refused charges, but without further citation of authority.

E. W. GODBY, for appellee. The court properly refused charge 4 and the other charges refused to the appellant.—*McClenlon v. McKissack,* 143 Ala. 188; *So. C. O. Co. v. Walekr,* 164 Ala. 33; *A. G. S. v. Frazer,* 93 Ala. 45; *Edmondson v. Anniston C. L. Co.,* 120 Ala. 589; *Williamson I. Co. v. McQueen,* 144 Ala. 265; 69 N. W. 102; 11 Kan. 135; 110 Ind. 337; 31 Tex. Cr. App. 115.

PELHAM, J.—A duebill, given by the appellant to the appellee, is the foundation of the suit brought in the trial court. The appellee having declared on the duebill, appellant pleaded the general issue, payment, and two special pleas, setting up a subsequent and separate agreement in satisfaction and settlement of the claim evidenced by the duebill.

The evidence was in direct conflict as to the parties having entered into the subsequent agreement, and the testimony of the appellee, McCauley, on this proposition being material to the issues made under the pleading, charge No. 4, requested in writing by appellant, should have been given, and its refusal constitutes reversible error.—*So. Cotton Oil Co. v. Walker,* 164 Ala. 33, 51 South. 169; *A. G. S. R. R. Co. v. Frazier,* 93 Ala. 45, 9 South. 303, 30 Am. St. Rep. 28; *McClellan v. State,* 117 Ala. 140, 23 South. 653; *Edmondson v. Anniston City*

*Land Co.,* 128 Ala. 589, 29 South. 596; *Venable v. Venable,* 165 Ala. 621, 51 South. 833; *Williamson Iron Co. v. McQueen,* 144 Ala. 265, 40 South. 306.

Charge 3, requested by appellant, is argumentative, and singled out and gave undue prominence to a particular part of the testmony, and was properly refused.

Charge B probably escapes the criticism made of charge 3, in that it falls within the exception to the general rule against giving such charges, as it goes only to the weight and credibility of the witness' testimony; but its refusal would not constitute reversible error.

The court committed no error in giving the charges requested by appellee. They assert correct propositions, and, if calculated to have a misleading tendency, and to include the subsequent verbal agreement, it was the appellant's duty to request explanatory charges.

The court's rulings on the evidence were free from error. The latitude allowed on cross-examination was not violated in the cross-examination of the witness Kent. That a person remains silent when accused of guilt is competent evidence as a circumstance tending to show guilt (*Jackson v. State,* 167 Ala. 44, 52 South. 835); and when a witness remains silent upon being asked about matters or a transaction supposed to be within his knowledge, and which he subsequently details upon the witness stand, it is competent to show this on cross-examination, for the purpose of allowing the jury to consider it as a circumstance in determining. the weight they will give to his testimony; and if there was any explanation for the witness' silence, as suggested by appellant, this could be made to appear upon redirect examination.

For the error committed in refusing charge 4, requested by appellant, the case is reversed.

Reversed and remanded.