(84 South. 309)

SCHROEDER v. STATE.    (1 Div. 340.)

(Court of Appeals of Alabama.    Nov. 25, 1919.)

1. WITNESSES ⬡346—THAT ANOTHER THAN DEFENDANT WAS FIRST ARRESTED FOR SAME VIOLATION OF PROHIBITION LAW HELD IMPROPERLY EXCLUDED.

In prosecution for violating the prohibition law, where it appeared that detectives searched a negro coming out of defendant's place of business and found intoxicating liquor, cross-examination of complaining witness that, when the detectives entered the store, they arrested another than defendant for the offense, was erroneously excluded; such testimony bearing on the credibility of the prosecuting witness, who at the time of the trial was accusing defendant of the crime, and not the person arrested, whom he just charged with the crime.

2. CRIMINAL LAW ⬡1202(3)—PRIOR CONVICTIONS ADMISSIBLE TO DETERMINE PUNISHMENT.

Evidence of prior conviction for a violation of the prohibition law is admissible only after conviction for the purpose of determining the scope of the punishment as provided in Acts 1909, p. 10, § 3.

3. CRIMINAL LAW ⬡1202(3)—PRIOR PLEAS OF GUILTY HELD INADMISSIBLE WHEN TIME NOT FIXED.

In a prosecution for violating the prohibition law, a question as to whether defendant had pleaded guilty to having violated the prohibition law at the particular place was erroneous as not adding the element that such plea must be confined not only to the place, but also to the time, charged in the complaint and fixed by the testimony of the state's witnesses.

4. CRIMINAL LAW ⬡1033(2)—VENUE WAIVED WHERE OMISSION NOT CALLED TO COURT'S ATTENTION ON TRIAL.

In a prosecution for violating the prohibition law, the venue was waived by the defendant where the court's attention was not called to the omission on the trial.

Appeal from Circuit Court, Mobile County; C. A. Grayson, Judge.

William Schroeder was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

Most of the facts sufficiently appear from the opinion. The court charged the jury on its own motion as follows:

"You disregard any testimony, if there is any, that he has been formerly convicted, but it is proper testimony for the jury to consider the fact, if it be a fact, that he had heretofore pleaded guilty; the one being the act of his own, and the other the act of the court. The court charges you, gentlemen of the jury, that that is competent testimony for the jury to look at in weighing his testimony, if at one time he should have said he knew nothing about it, and at another time he pleaded guilty of his own accord; you have the right to look at the fact that he pleaded guilty because he was guilty or was advised to plead guilty by counsel."

"The testimony, if there is any, and you are the sole judges of it, as to whether he pleaded guilty, is not to be looked at for the purpose of seeing whether or not he is guilty on this trial because of the fact that he pleaded guilty, but it is limited for the purpose of weighing this testimony. If he at one time said he didn't know anything about any whisky being sold there, and at another time said he had pleaded guilty on advice of counsel, then it is

competent evidence to go to the jury for them to look at in weighing the testimony, and not for the purpose of prejudicing the defendant's case at your hands."

Inge & Kilborn, of Mobile, for appellant. .

It was competent for the defendant to show that Lavinghouse was arrested and brought down, instead of present defendant. Ante, p. 159, 82 South. 649. The court was in error in its admission of the plea of guilty and in its charge relative thereto. Section 4008, Code 1907; 10 Ala. App. 161. 64 South. 544; 10 Ala. App. 179, 64 South. 520.

J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

No brief reached the Reporter. .

SAMFORD, J. [1] It was shown by the testimony of the state's witnesses that two city detectives standing near defendant's place of business saw a negro go in the store of defendant and come out with a package in his hand, which he gave to another negro; that the detectives grabbed both negroes, and found the package to be one-half pint of Paul Jones whisky, in a three-pound paper bag. The detectives both testified that they knew the place to be defendant's store, and that at the time the negro was in the store they saw defendant in there. Neither of the witnesses for the state testified to seeing defendant with any whisky or seeing him deliver the package to the negro. But in about ten minutes after the whisky had been found on the negroes the detectives went into the store of defendant. At this point on cross-examination the defendant offered to prove by the witness that, when the detectives who claimed to have seen defendant in the store and made the affidavit in this case went into the store, they arrested one Lavinghouse for the offense, and did not arrest the defendant. The court refused to permit the witness to answer questions to elicit this proof and the defendant excepted. This was on cross-examination of the witness making the charge in this case against the defendant. If the witness had known at the time it was defendant, and not Lavinghouse, who was guilty of selling the whisky, would he have arrested Lavinghouse, who was innocent, or, having arrested Lavinghouse at the time the whisky was sold, was it not pertinent to go to the jury as bearing on the credibility of the testimony of the prosecuting witness, who was at the time of trial accusing defendant of the crime, and not Lavinghouse, whom he first charged with it? We think the evidence was competent and should have been admitted. Simpson v. E. C. Payne Lbr. Co., ante, p. 159, 82 South. 649.

[2, 3] On cross-examination of defendant the solicitor, over the objection and exception of defendant, was permitted to ask the question: ."Haven't you pleaded guilty to having violated the prohibition law at this particular place?" Evidence of a prior conviction for the violation of the prohibition law is admissible only after conviction for the purpose of determining the scope of the punishment as provided by section 3, Acts 1908, p. 10. It is true the court undertook to draw the distinction between a judgment of conviction and a plea of guilty, the latter being a voluntary admission of guilt on the part of the defendant of the offense charged, but, in order for this question to come within the rule, it must have been confined, not only to the place, but to the time, charged in the complaint and fixed by the testimony of the state's witnesses. This was not done, and the court committed error in overruling defendant's objection. The charge of the court based upon this evidence, which was correct as an abstract proposition of law, was error as applied to the facts in this case. .

[4] The venue in this case was waived by the defendant, in that the court's attention was not called to the omission on the trial. The other rulings of the court were without error.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.