142 So. 112

## HOLLAND v. STATE.

### 4 Div. 913.

Court of Appeals of Alabama.
May 24, 1932.

R. S. Ward, of Hartford, and O. S. Lewis, of Dothan, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

**RICE, J.**

Appellant was convicted of the offense of assault and battery, and his punishment fixed at the assessment of a fine against him of $300. Code 1923, § 3299.

The theory of the state, as we gather, is that the assault and battery were committed upon the person of one John C. Hughes, a deputy sheriff, who was, at the time, undertaking to arrest appellant, without a warrant, for the offense of public drunkenness (Code 1923, § 3883) being committed in the presence of said officer (Code 1923, § 3263).

Appellant strenuously denied that he was drunk, etc., at the time, and denied assaulting, etc., said Hughes.

Hughes' testimony that appellant was drunk, etc., at the time in question, together with appellant's that he was not, presented one of the material conflicts in the testimony upon the trial—obviously, and perhaps we ought to say as the learned trial judge charged the jury trying the case.

The jury were entitled to hear any testimony which "conduces (conduced) in any reasonable degree to establish the probability or improbability of the fact in controversy." 2 Jones on Evidence (2d Ed.) pp. 1086 and 1115. See, also, 22 Corpus Juris 167, and George D. Witt Shoe Co. v. Mills, 224 Ala. 500, 140 So. 578, from the opinion in which we take the quotation.

Here, appellant offered to show, as by way of impeachment of the testimony of Hughes, and by his cross-examination, that no prosecution was instituted, or instigated, by him, against appellant, for the said offense of public drunkenness, etc. This testimony was, upon the State's objection, rejected.

While we do not observe any statutory command to that effect, yet, it seems clearly to be contemplated that, when an arrest is made by an officer under the power with which he is clothed by section 3263 of the Code, he shall, in the absence of some reasonable explanation, follow same up by the institution, or, certainly, instigation, of a proper prosecution against the person so arrested. And his failure to do so may fairly be considered as, to some extent, at least, an impeachment of his testimony that the person arrested was engaged in the commission of the offense, etc., for which he was being arrested.

So we hold that the refusal to allow the appellant to introduce the aforementioned proffered testimony was error, for which the judgment of conviction must be reversed. See Marsh v. State, 16 Ala. App. 597, 80 So. 171; Ex parte Marsh, 203 Ala. 699, 83 So. 927.

And it is so ordered.

Reversed and remanded.