100 So.2d 23

Clifford SIMS

v.

James Oscar STRUTHERS and Thomas W.
Weaver, Jr., d/b/a Weaver Paper Co.

3 Div. 760.

Supreme Court of Alabama.
April 25, 1957.
Rehearing Denied Jan. 23, 1958.

Rogers, Howard & Redden, Birmingham, for appellant.

Rushton, Stakely & Johnston, Montgomery, for appellee Weaver.

Hill, Hill, Stovall & Carter, Montgomery, for appellee Struthers.

SIMPSON, Justice.

This was an action for personal injuries sustained by the plaintiff when the wagon

he was driving was struck by an automobile driven by defendant Struthers, an employee of defendant Weaver. The jury returned a verdict for the defendants, and plaintiff brings this appeal.

The case went to the jury on a simple negligence count. The defendants pleaded the general issue in short by consent and defended on the ground of sudden emergency contending that the accident was caused by the negligence of a third party driving another vehicle rather than negligence of defendant Struthers.

■ It is argued by appellant that the verdict of the jury was contrary to the great weight of the evidence and that, therefore, the trial court erred in overruling his motion for a new trial. The evidence was in conflict. Appellant did not testify. Briefly stated, the evidence disclosed that the appellant, a negro convict, was driving a prison wagon along a public highway and a state prison truck approached the wagon from the rear. The automobile driven by appellee Struthers was travelling in the same direction in the rear of the prison truck and wagon. There is a conflict as to which vehicle attempted to pass the wagon first. Appellee Struthers testified that he attempted to pass both the truck and the wagon, but when he was abreast of the truck, the truck suddenly pulled out too attempting to pass the wagon, causing him to cut sharply to his right in order to avoid colliding with the truck. When this occurred, he ran into the wagon on which the appellant was riding thus causing the accident. Appellant, however, relying on his witnesses, contends that the truck had already passed the wagon and that appellee Struthers ran into him from the rear. It is clear that this conflict in the evidence made it a jury question as to who was at fault. There was evidence to support the verdict returned, so we cannot say that the conclusion reached by the jury was manifestly wrong and unjust. Davis v. Radney, 251 Ala. 629, 38 So.2d 867; Cobb v. Malone, 92 Ala. 630, 9 So. 738; Howell v. Greyhound Corp.; 257 Ala. 492, 59 So.2d 587.

■ It is next argued that the trial court erred in refusing to propound to the jurors several questions requested by appellant relative to their interest or employment in a liability insurance company. The court did, however, in qualifying the jury, ask them if any of the jurors worked for or owned stock in the company supposed to be holding the coverage on the defendant's automobile. Section 52, Title 30, Code of 1940, confers on the parties the right, under direction of the court, within reasonable bounds, to examine jurors touching matters which might tend to affect their verdict, but it does not empower the party to require the court to put such questions to the jury. Avery Freight Lines, Inc. v. Stewart, 258 Ala. 524, 63 So.2d 895; Cox v. Roberts, 248 Ala. 372, 27 So.2d 617.

■ It, of course, is the right of the plaintiff to ascertain whether insurance is involved in the case when the jurors are being qualified and the duty devolves upon the court to determine that the jury is qualified, but that duty ends after the court has so qualified them. Duke v. Gaines, 224 Ala. 519, 140 So. 600; Avery Freight Lines v. Stewart, supra; Leach v. State, 245 Ala. 539, 18 So.2d 289; § 6, Title 30, Code of 1940.

■ It is the rule of our cases that the limit of voir dire examination is left much to the discretion of the trial court, and we do not think that the circumstances here show an abuse of that discretion. Counsel for appellant propounded several questions to the prospective jurors on various subjects, but made no attempt to propound to them questions relative to the insurance which they asked the court to propound after the court had refused to ask the jurors the stated questions. Logan v. State, 251 Ala. 441, 37 So.2d 753; Leath v. Smith, 240 Ala. 639, 200 So. 623; Louisville & N. R. Co. v. Davis, 236 Ala. 191, 181 So. 695; Rose v. Magro, 220 Ala. 120, 124 So. 296.

■ The action of the trial court in overruling the defendant's objection to

the question asked of one of his witnesses on cross-examination: "You didn't see anything he [Struthers] did reckless when you saw him in the mirror or any other time, did you?" is also argued as reversible error. Under the wide latitude rule of cross-examination, the extent of which rests largely within the discretion of the trial court, we cannot say that the discretion was abused or that prejudicial error intervened by the stated ruling. For supportive cases see Howell v. Greyhound Corp., 257 Ala. 492, 59 So.2d 587; Bates v. Chilton County, 244 Ala. 297, 13 So.2d 186; Davis v. Radney, supra.

■■ Appellant next contends that the trial court erred in overruling his objection to a question propounded by appellees' counsel to a highway patrolman testifying for appellant. The question was: "And generally if there are skid marks you note them, don't you?" We likewise view this ruling as without error. Cross-examination as to habits is permissible to test the truth of the testimony of the witness as to his conduct on a specific occasion. Louisville & N. R. Co. v. Bizzell, 131 Ala. 429, 30 So. 777; Pilot Life Ins. Co. of Greensboro, N. C. v. Hawkins, 222 Ala. 218, 131 So. 889; McElroy, The Law of Evidence in Alabama, p. 15, §§ 42 & 43.

■ Appellant contends that the trial court erred in admitting into evidence a part of an accident report prepared by the highway patrolman who investigated the accident. It appears from the record that the report was prepared by the patrolman from his personal observation and from what the drivers of the vehicles told him. Following is a fair interpretation of the record: James A. Parker, a member of the Alabama Highway Patrol, called as a witness by the plaintiff, testified on direct examination to facts indicating inferentially that he went to the place of the accident in suit within a few minutes after the accident occurred; that he found skid marks of approximately fifty feet in length in the area in which he found the debris of the accident—the implication of his

testimony with respect to such finding being that such skid marks were made by defendant Struthers' automobile.

On Struthers' cross-examination of Patrolman Parker, the latter was asked, "You mentioned tire marks. You did not note them on the Highway Patrol Report did you, skid marks?". Parker answered, "I don't believe I did". Patrolman Parker further testified on cross-examination that a document then and there exhibited to him was a copy (which we assume, in accordance with usual practice was a photostatic copy) of his Highway Patrol Report of the accident in suit; that a diagram of the accident contained in such report, was based both on (a) "physical evidence" (which we understand to mean mechanical traces of the accident observed by Parker after he arrived at the place thereof), and (b) statements made to him by Struthers and the driver of the state prison truck; that if there were skid marks at the place of an accident, *he generally made a note* of the skid marks in his report of the accident; and that skid marks or tire marks would "throw some light on the way a motor vehicle was travelling."

The diagram, so far as is here material, purported to depict the respective positions of the wagon, the state prison truck and Struthers' automobile at the instant of the collision; the course of Struthers' automobile from the time of its approach to the state prison truck and the wagon to and including the instant of the collision; but it *contained no indication of skid marks at the place of the accident.*

Struthers offered in evidence that part of the copy of Patrolman Parker's Highway Patrol Report which contained the diagram —the material terms of the offer being "we (i. e., defendant Struthers) introduce in evidence the diagram made by Mr. Parker * * *" "* * * to impeach him." (Tr. p. 55). We interpret "him" as last quoted to mean Patrolman Parker. Plaintiff objected on the grounds that the diagram was hearsay, a conclusion, did not represent any facts that Patrolman Par-

ker found when he arrived at the place of the accident, and "that no proper predicate was laid." The trial court overruled the objection and admitted the diagram. The plaintiff excepted. Plaintiff here complains that the trial court's admission of the diagram was erroneous, and was prejudicial to plaintiff.

We entertain the view that the ruling of the trial court was without error.

First, Patrolman Parker's failure to indicate skid marks on the diagram was materially inconsistent with his testimony that skid marks were in the area in which he found the debris of the accident, which testimony, as noted above, impliedly indicated that such skid marks were made by Struthers' automobile. It should be here noted that Parker had not testified unqualifiedly that he made no note of skid marks on the diagram; he had merely stated that he "didn't believe" he had made such a note. Holland v. State, 25 Ala.App. 147, 142 So. 112, syl. 2–3; Marsh v. State, 16 Ala.App. 597, 80 So. 171, syl. 3, certiorari denied Ex parte Marsh, 203 Ala. 699, 83 So. 927; Schroeder v. State, 17 Ala.App. 246, 84 So. 309, syl. 1; Penney v. McCauley, 3 Ala.App. 497, syl. 5, 57 So. 510, syl. 5; Wefel v. Stillman, 151 Ala. 249, syl. 17, 44 So. 203, syl. 17; Bice v. Steverson, 205 Ala. 576, 88 So. 753, syl. 14; Mobile Light & R. Co. v. Ellis, 209 Ala. 580, 96 So. 773, syl. 11; Gulf, C. & S. F. R. Co. v. Matthews, 100 Tex. 63, 93 S.W. 1068, 1070; 70 C.J. pp. 771, 813–814, 987, 1061 (note 44) 1061 (note 71); 58 Am.Jur. p. 390, § 724; 58 Am.Jur. p. 378, § 698; 82 Am.St.Rep., 42 (note to Lodge v. State, 122 Ala. 97, 26 So. 210).

"The inconsistency may be found expressed, not in words, but in conduct * * *."—III Wigmore, Evidence, 3d ed., p. 728, note 9; Worthington v. Given, 119 Ala. 44, 24 So. 739, syl. 9, 43 L.R.A. 382.

"A *failure to assert* a fact, when it would have been natural to assert it, amounts in effect to an assertion of the nonexistence of the fact."—III Wigmore, Evidence, 3d ed., p. 733.

Second, irrespective of whether the diagram was proper or not proper to be considered by the jury as tending to show the position of the three vehicles at the instant of the collision, or the course of Struthers' automobile from the time of its approach to the place of the collision until the instant thereof,—matters we do not decide—the failure of the diagram to signify skid marks could not have been made perfectly palpable to the jury by any procedure other than that of permitting the jury to see the diagram. The jury could not have seen with their own eyes the absence of any symbols or statements on the diagram with respect to skid marks without looking at the diagram. Therefore, the admission in evidence of the diagram was warranted by the rule that if evidence of a part of a document, utterance, or other event or condition is proper to be considered by the jury, and such part is so interwoven with another part (of such document, utterance, event or condition) that is not proper to be considered by the jury, and that separation of the former part from the latter part is impractical, the whole may be proved: Kennedy v. State, 85 Ala. 326, 5 So. 300, 301 (Murder; McCarron testified for the state; in cross-examining McCarron, accused used McCarron's written testimony given on the preliminary examination of the case before the committing magistrate; held, trial court properly required the whole of such testimony "to go to the jury"; *"The paper was entire and not severable, and it was impracticable to admit a part of it to go to the jury.* The practice in such cases is to admit the entire paper, and limit its effect as evidence by a proper charge to the jury."); Sims v. State, 253 Ala. 666, 46 So.2d 564, syl. 4 (implying that the whole of an accused's statement containing a confession of guilt of the crime for which he is being tried is admissible even though he, in such statement, mentioned his commission of another and disconnected crime —if exclusion of his mention of such

other crime leaves the remainder of such statement unintelligible.); 2 A.L.R. 1029 (annotation; cites numerous cases holding that in a prosecution for crime the state may prove the whole of accused's statement embodying his confession of guilt of the crime for which he is being tried, even though such statement also contains his admission of his commission of another and separate crime if such admission is inseparably connected with his confession of the crime for which he is being tried.); Smith v. Baggett, 218 Ala. 227, 118 So. 283, 285 (auto accident; opinion indicates that defendant's post-accident statement mentioning his carriage of liability insurance is not inadmissible if it is "so associated with or interwoven" with another part of the statement admitting his being at fault in the accident "as to be inseparable."); Pittman v. Calhoun, 233 Ala. 450, 172 So. 263, 265 (interprets Smith v. Baggett, 218 Ala. 227, 118 So. 283, cited above, as holding that the defendant's statement concerning liability insurance was "an inseparable part of a statement."); Moore-Handley Hardware Co. v. Williams, 238 Ala. 189, 189 So. 757, syl. 2 (if defendant's carriage of liability insurance has probative value on issue whether driver of auto was defendant's servant, the policy of insurance cannot be excluded on the ground that it may tend to prejudice the defendant by the jury's learning that defendant has liability insurance.); Hunt v. Ward, 262 Ala. 379, 79 So.2d 20, syl. 5 (approving: Smith v. Baggett, 218 Ala. 227, 118 So. 283; Pittman v. Calhoun, 233 Ala. 450, 172 So. 263; and Moore-Handley Hardware Co. v. Williams, 238 Ala. 189, 189 So. 757, 761, cited above.); Allison v. State, 1 Ala.App. 206, syl. 1, 55 So. 453, syl. 1 (issue, accused's guilt of the crime for which he is being tried; if it reasonably appears that such crime was so intermixed or blended with another crime by accused as to form an indivisible transaction, evidence of accused's guilt of such other crime is admissible.); 22 C.J. 413, notes 29 and 30, 31 C.J.S. Evidence, § 375; VII Wigmore, Evidence, 3d ed., p. 498, § 2100, note 9 (relating to inseparable parts of an accused's confession.); I Wigmore, Evidence, 3d ed., p. 719, § 218 (inseparable crimes).

Therefore, if the diagram was not proper to be considered by the jury as tending to prove the position of the three vehicles at the instant of the collision and the course of Struthers' automobile from the time of its approach to the place of the collision until the instant thereof, the plaintiff's remedy, not invoked by him in the trial of the case, was to have requested the trial court to instruct the jury not to consider the diagram as tending to prove such matters. Wills v. State, 74 Ala. 21 (affidavits admissible only to impeach witness were introduced; "if the defendant apprehended the jury would treat the affidavits as original and general evidence in the case, that was a subject for a charge limiting its operation."). Smith v. Baggett, 218 Ala. 227, 229, 118 So. 283, 285 [7] ("and can only be eradicated or neutralized as bearing upon the defendant's liability by a limitation upon the effect of such evidence."); Ponder v. Cheeves, 104 Ala. 307, syl. 3, 16 So. 145, syl. 2; Smith v. State, 183 Ala. 10, syl. 18, 62 So. 864, syl. 20; Barbour v. State, 262 Ala. 297, 78 So.2d 328, syl. 5.

The appellant, in his last assignment of error, contends that since the trial court admitted a portion of the accident report into evidence at the offer of the appellee, he, the appellant, was entitled to have the remainder of the report admitted into evidence. The excluded portion of the report is not in the record, therefore, the ruling of the trial court refusing to admit the report is not subject to review. Pearson v. Howe, 11 Ala. 370; National Fire Ins. Co. of Hartford, Conn. v. Kinney, 224 Ala. 586, 141 So. 350; Wesson v. Taylor, 240 Ala. 284, 198 So. 848.

We reach the conclusion that no reversible error is made to appear.

Affirmed.

LIVINGSTON, C. J., GOODWYN and COLEMAN, JJ., concur.

### On Rehearing

SIMPSON, Justice.

The contention is made by the appellant that we were in error in interpreting the record as meaning that the diagram was offered for the purpose of impeaching appellant's witness, Highway Patrolman Parker. Appellant further contends that the record should be interpreted as meaning that Struthers offered the diagram in evidence for the purpose of impeaching appellant's witness, Daniels; and that the diagram was not admissible for such purpose.

Under the impulsion of the cogent argument in appellant's brief, we have restudied the terms of the offer of the diagram with meticulous care. We still entertain the opinion that the most reasonable interpretation of the record is that the diagram was offered for the purpose of impeaching Highway Patrolman Parker.

However, if the diagram had been offered for the purpose of impeaching Daniels, and if the diagram was not proper to be considered for that purpose, appellant still could not sustain his contention that admitting the diagram was error, because the diagram was correctly admissible for the purpose of impeaching Highway Patrolman Parker, even though not offered for that purpose. This results from the rule that if there is a purpose for which offered evidence is admissible, the trial court's admission in the evidence is not error, even though the evidence was offered for an improper purpose.—Houston Biscuit Co. v. Dial, 135 Ala. 168, 185, syl. 6, 33 So. 268, 273; Cook v. Parham, 24 Ala. 21, 34 syl. 3; Goldsmith v. Picard, 27 Ala. 142, 151, syl. 6; Robinson's Adm'r v. Allison, 36 Ala. 525, 531, syl. 2; Hart v. Freeman, 42 Ala. 567, 571; Campbell v. State, 23 Ala. 44, 77.

The remedy is, the party against whom the evidence is admitted is to request the trial court to instruct the jury that such evidence should be considered only for the purpose for which is proper.—Cases, supra.

The case of Collins v. Jones, 83 Ala. 365, 3 So. 591, is contrary to the six decisions just cited; but Collins v. Jones ignored five earlier decisions cited above; it relied on cases not in point; it has not been followed in any subsequent case; it was disregarded in the later case of Houston Biscuit Co. v. Dial, 135 Ala. 168, 185, syl. 6, 33 So. 268, cited above; it must be regarded as overborne by the decisions cited above.

It is well to observe that we have lain to one side consideration of whether the diagram was admissible under the Alabama Business Records Act (Code of 1940, Title 7, § 415), and it might also be observed that if the record is susceptible of two interpretations, the court will accept that which is favorable to the appellee.—Dutton v. Gibson, 226 Ala. 647, 148 So. 397.

We entertain the view that the application should be overruled.

Opinion extended and application for rehearing overruled.

All the Justices concur except LIVINGSTON, C. J. and STAKELY, J., not sitting.