Defendants Dale and Bobby Westbrook's application for rehearing seeks this court's reconsideration of its January 16, 1987 opinion. The defendants also request, pursuant to Rule 39(k), Alabama Rules of Appellate Procedure, that this court correct certain statements of fact contained in its earlier opinion.
Our January 16 opinion stated that the defendants stipulated to both the reasonableness and the necessity of the hospital expenses in question. The record reflects that the defendants admitted that the hospital expenses were reasonable and customary but denied that the hospital expenses were necessarily incurred as the result of the injuries suffered in the automobile accident. Our original opinion is corrected to reflect this state of the record.
The defendants thus ask this court to vacate and set aside that portion of its January 16 opinion reversing the trial court's refusal to admit plaintiff Hicks's hospital bills into evidence.
As stated in our original opinion, a review of the record disclosed evidence that at least some of the expenses, all of which were contained in plaintiffs' exhibit number 25, were necessary for the treatment of plaintiff Marjorie L. Hicks's depression. Moreover, there is conflicting testimony in the record regarding whether the accident in question contributed to plaintiff Hicks's depression.
Since the record reveals evidence regarding both the reasonableness and the necessity of the expenses in question, the plaintiffs presented a jury question on at least some of the expenses contained in exhibit 25.
The defendants contend, however, that our January 16 decision should be vacated because the plaintiffs failed to prove both the reasonableness and the necessity of all of the disputed expenses contained in plaintiffs' exhibit 25. However, where physical evidence, documents, or exhibits contain objectionable matter or references which can be separated from the admissible evidence, the objectionable matter may be deleted and the remainder of the evidence admitted. Banner Welders, Inc. v.Knighton, 425 So.2d 441 (Ala. 1982). In the present case the trial court could have admitted the admissible portions of the exhibit and deleted the inadmissible portions of the exhibit. See, Banner Welders, Inc. v. Knighton, supra.
Alternatively, the trial court could have admitted the entire exhibit with a limiting instruction instructing the jury that it could only consider the admissible portions of the exhibit.See, Sims v. Struthers, 267 Ala. 80, 100 So.2d 23
(1957). The defendants, however, failed to request that the trial court either delete or exclude the objectionable evidence from the admissible evidence contained in exhibit 25.Central of Georgia Railway v. Steed, 287 Ala. 64,248 So.2d 110 (1971). Thus, the trial court erred in excluding all of the evidence contained in exhibit 25.
Since the trial court improperly excluded the disputed hospital expenses from the jury, defendants' application for rehearing is denied.
OPINION EXTENDED.
APPLICATION FOR REHEARING OVERRULED. *Page 486 
HOLMES, J., concurs.
INGRAM, J., not sitting.