# Cardwell *v.* Louisville & Nashville R. R. Co.

## *Crossing Accident.*

### (Decided February 12, 1914. 64 South. 564.)

1. *Appeal and Error; Harmless Error; Instruction.*—Where the suit was based on the ground that plaintiff was injured in attempting to "ride the train" after he crossed the track, a general charge for defendant as to a count for wanton injury was not harmful, since the plaintiff had the benefit of the identical issues under other counts, although he assumed therein the added burden of proving that his injury was at a regular crossing; this issue being the only theory on the facts left open to him by his own testimony.

2. *Railroads; Climbing on Train; Injury; Proximate Cause.*—If plaintiff had crossed the tracks safely and had nothing more to do but to go on his way, yet turned about to ride the train, and was injured away from the crossing, his act, not being known to the trainmen, and not being such as to be anticipated by them, must be held to have been the sole cause of his injury, although the railroad may have been negligent in making a kicking switch across the highway.

3. *Same; Trespassers.*—Although of immature years and judgment, a boy was clearly a trespasser where he had crossed the track

[Cardwell v. Louisville & Nashville R. R. Co.]

safely and had turned about and attempted to ride the train, and was hurt away from the crossing; hence, it was not error to charge that such a boy might be a trespasser.

4. *Same.*—Where, under the evidence, no recovery could be had, except at a public crosing, no injury intervened from an instruction that defendant was under no duty to keep a lookout for plaintiff on the track, except at the crossing.

5. *Charge of Court; Burden of Proof; Abstract.*—A charge that the burden is on plaintiff to prove by the evidence to the reasonable satisfaction of the jury, every material allegation of his complaint, or some one count thereof, and to find for defendant if plaintiff has not so reasonably satisfied the jury by the evidence, is applicable in every case, and not abstract.

6. *Same; Misleading; Necessity to Request.*—If a plaintiff desires a definition of the conditions under which sections 5473, 5476, Code 1907, operated in his case, and of the effect on the conditions surrounding the case, the duty is on him to apply to the court for proper instructions.

APPEAL from Shelby Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by Howard Cardwell, by next friend, against the Louisville & Nashville Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed

The pleadings and facts sufficiently appear in the opinion. The following is charge G, given for defendant: "The burden is upon plaintiff to prove by the evidence in this case, to your reasonable satisfaction, every material allegation of his complaint, or of some one count thereof, and, if he has not so reasonably satisfied you by the evidence, then you must find a verdict for defendant."

BONDURANT & SMITH, and HAYNES & WALLACE, for appellant. The court was in error on its rulings in count A, and in its charges requiring that the child must have been struck at the crossing in order for him to recover at all.—*T. C. I. v. Barker*, in MSS.; *A. G. S. v. Guest*, 144 Ala. 373; s. c. 136 Ala. 348, and authorities cited. There is no doubt but what count A properly charged wantonness.—*Barbour v. Shebor*, 58

South. 276; *So. Ry. v. Bennefield,* 172 Ala. 591. The court was in error in instructing that there was no duty upon defendant to have kept a lookout other than upon the public road crossing.—Secs. 5473-4-6, Code 1907; *So. Ry. v. Fox,* 167 Ala. 281; *L. & N. v. Webb,* 97 Ala. 311. The court was in error in its charge that this child could be a trespasser.—*C. of Ga. v. Height,* 153 Ala. 257; *So. Ry. v. Shipp,* 153 Ala. 151. The burden of proof is on the defendant by statute, and the court erred in its charge as to the burden of proof being on plaintiff.— Secs. 5473, 5476, Code 1907; *L. & N. v. Davies,* 103 Ala. 661; *So. Ry. v. Williams,* 143 Ala. 212.

BROWN, LEEPER & KOENIG, for appellee. Unless injured at the crossing, plaintiff was clearly a trespasser and not entitled to recover.—*N. C. & St. L. v. Harris,* 142 Ala. 249; *A. G. S. v. Guest,* 144 Ala. 373; s. c. 136 Ala. 348. If plaintiff was not injured at the crossing, there was no evidence whatever of any negligence at the place where he was injured, and if it was error to direct a verdict for defendant as to count A, it was error without injury.—*So. Ry. v. Smith,* 50 South. 390; *Peters v. So. Ry.,* 135 Ala. 534; *Smith v. C. of Ga.,* 161 Ala. 407. A child may be a trespasser same as an adult.—*N. C. & St. L. v. Harris, supra.*

SAYRE, J.—Plaintiff claimed damages for an injury suffered under the wheels of one of defendant's cars. On the issue made by defendant's denial of any negligence or wanton wrong in the premises, a jury found for the defendant, and plaintiff appeals.

Defendant had three tracks which lay across a public road in the town of Shelby. Plaintiff, a boy about nine years of age, and six companions, were going home from school. As they approached the railroad, they found

the nearest track blocked by defendant's freight train. The conductor was on the ground at the crossing and caused the train to be broken at that point in order that the children might pass over. Thereafter plaintiff was hurt under circumstances which were in dispute. His theory of the case, resting mainly upon his own testimony, is that he was in the rear of the party of school children, and, as he ran across, he stumbled over one of the rails of the middle track, whereupon two unattended cars, which were being "kicked" back along the track without signals of approach, overtook him, causing his injury. Plaintiff said the cars were moving "fast." Other witnesses placed the speed of the cars at from five to six, the highest estimate being eight, miles an hour. There was only one locomotive engine at the station.

Defendant's version of what occurred, supported by the great weight of the testimony, including that of four of plaintiff's school fellows, was that he, along with the rest, crossed the tracks in safety and had proceeded some distance along the public road, which turned sharply to the right after crossing the railroad, when a part of the train, to wit, four cars pushed by the locomotive, came back along the middle track, passing plaintiff, who was then well away from the crossing, whereupon plaintiff, undertaking to "ride the train," fell under the car, where his foot was crushed. There was nothing to support an inference that any of the train crew knew anything of the plaintiff's effort to "ride the train."

The trial court gave the general charge for defendant as to count A of the complaint, and that ruling furnishes the chief point of attack upon the resulting verdict and judgment. This count ascribed plaintiff's injury to the wanton act of some servant or agent of the defendant. It avers that plaintiff was crossing a track

of defendant in the town of Shelby. It does not locate the happening of the accident at a road crossing nor at any other place where the plaintiff had a right to be. Without indorsing this count as a sufficient statement of wanton injury, but conceding without deciding that the issue which the pleader sought to state might have been properly submitted to the jury on the evidence, the ruling assigned for error works no harm to plaintiff, for he had the benefit of the identical issue under count 4, which averred that his inujry was caused by the wanton, willful, or intentional act of some servant or agent of defendant, with the further allegation that he was crossing defendant's tracks "at a regular railroad crossing in the town of Shelby." True, in count 4 plaintiff assumed the additional burden of proving that his injury occurred at a regular crossing, but on the only theory of the facts left open to plaintiff by his own testimony, which admitted of no compromise or composition with the wholly different theory supported by defendant's evidence, he could recover only in the event the jury found that he was injured at the crossing, and this view of the case was clearly and repeatedly propounded to the jury in a great majority of those special charges which were given at defendant's request in the court below and are now assigned for error.

Plaintiff makes an effort to show that the jury might have found under the evidence that he was injured while crossing the track at a point other than the public road crossing. His own testimony unequivocally excludes any such conclusion, as does that offered by the defendant. As for the witnesses Clarence Ware and Hutsey Finley, from whose testimony plaintiff culls an expression or two in support of a composite finding in accordance with his theory of the case, we are entirely satisfied, not only that the general effect of their

[Cardwell v. Louisville & Nashville R. R. Co.]

testimony, though offered by plaintiff, was to sustain the defense, but also that those extracts to which plaintiff points have no tendency contrariwise, and that the trial judge took a correct view of the case presented by the testimony when he instructed the jury, in his oral charge and in special instructions given at defendant's request, that, if plaintiff was injured at the crossing, then the further question as to his right to recover was for the jury, but that, if he was injured away from the crossing, he could not recover; this last alternative proposition being based, not upon an assumption that in no event could defendant be liable for an injury inflicted at a place other than the crossing, but upon the fact that all the testimony going to show that he was injured away from the crossing tended also to establish the conclusion, clearly and without contradiction, that, in that event, he was injured solely because, after he had safely crossed defendant's track and had nothing to do but to go on his way in safety, he yielded to a boyish impulse which led him into an act involving extreme danger, an act of which defendant's agents in charge of the train had no sort of notice and could not be required to anticipate. In that case, as matter of law, the alleged negligence of defendant in making a "kicking switch" across a public highway, moving its cars without signals of approach, and without attendants in control, however clearly proved, was of no consequence. It had no proximate causal connection with plaintiff's hurt. —*Western Railway of Alabama v. Mutch,* 97 Ala. 194, 11 South. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179.

The proposition that the court erred in charging the jury that a child may become a trespasser is without merit. On that version of the facts which found support in defendant's testimony, plaintiff, though of immature years and judgment, was clearly a trespasser.—

*N. C. & St. L. Ry. v. Harris,* 142 Ala. 249, 37 South. 794, 110 Am. St. Rep. 29; *Southern Ry. v. Forrister,* 158 Ala. 482, 48 South. 69; *Central of Ga. R. Co. v. Chambers,* 183 Ala. 155, 62 South. 724.

In view of the two clearly defined, irreconcilable, and mutually exclusive tendencies of the evidence offered pro and con, the statement that the defendant was under no duty to keep a lookout for plaintiff upon the track except at the public road crossing was a mere abstraction. Even if it might have been erroneous in its application to plaintiff's case, had he been injured while walking along or across defendant's track at a place other than the crossing, in the case actually set before the jury by the evidence and the court's repeated limitation of the inquiry to what occurred at the crossing as the only debatable issue, this statement of the law was of no benefit to defendant, though defendant insisted upon it; it worked no harm to plaintiff, though he objected to it. It was not reversible error. The duty in such cases as the charge given seems to have had in contemplation is elaborately considered in *B. R. L. & B. Co. v. Jones,* 153 Ala. 157, 45 South. 177, where many cases are cited.

There was no error in giving charge G requested by the defendant. It stated a proposition of law fundamentally correct and necessarily applicable in every case. If, in order to give point to appellant's argument against the charge, it be construed with special reference to section 5473 of the Code, which imposes certain duties on the operators of railroad trains at public road crossings, at regular stations and stopping places, or when entering into, or while moving within, or passing through, any village, town, or city, and section 5476, which puts upon them the burden of showing a compliance with section 5473 and that there was no negli-

gence, still, in view of the necessary principle upon which the courts proceed in every department of jurisprudence, namely, that wrong is not presumed, and the proof lies upon him who affirms, not upon him who denies, in view of this principle of law and right the charge merely meant that the burden rested upon plaintiff to prove the basic fact of his case, namely, that he was injured by the operation of defendant's cars or train at a place and in circumstances that brought him within the protective purview of the statute. If plaintiff desired definition of the conditions in which the statute operated in his case and of its effect in those conditions, that might have been had on application to the court for proper instructions to the jury.

Other charges given on defendant's request, and the overruling of the motion for a new trial, in view of what has been said, do not require separate treatment.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.