# Louisville & Nashville R. R. Co. *v.* Jones.

## *Injury to Person on Track.*

(Decided November 7, 1914. Rehearing denied December 17, 1914. 67 South. 691.)

1. *Negligence; Pleading and Proof.*—Where the negligence which the evidence tended to establish is different from the negligence laid in the complaint, plaintiff is not entitled to recover but defendant is entitled to a directed verdict.

2. *Railroads; Persons on Track; Last Clear Chance.*—A plaintiff suing for the death of his intestate, a trespasser who was run down by an engine of defendant, has the burden of proving the negligence of defendant, which was alleged to have been a failure to exercise due care after discovering the peril of deceased; and this, notwithstanding the provisions of section 5476, Code 1907.

3. *Same.*—Where a trespasser on a railroad track stepped in front of a switch engine, and was struck before his position of peril was discovered by those in charge of such engine, the company was not liable.

4. *Appeal and Error; Assignment; Demurrers.*—The trial court will not consider defects in a pleading attacked by demurrer which are not specially assigned, nor will the appellate courts consider such defects on appeal.

5. *Railroads; Persons on Track; Plea.*—A plea that the intestate walked upon the track, and without stopping, looking or listening, stepped on the track immediately in front of a rapidly approaching engine in such proximity to it, that those in charge thereof could not, by the exercise of all diligence, stop the engine before striking

the intestate, and that he went upon the track with full knowledge that it was a dangerous place, and that engines frequently traversed it and remained thereon with such knowledge after placing himself in front of a fast approaching engine, although he had ample time to reach a place of safety, is indefinite as to whether the negligence of intestate was prior or subsequent to that of defendant's servant, and hence, subject to demurrer.

6. *Same; Duty to Trespasser.*—A railroad company is not bound to keep a lookout for trespassers, but is only bound to avoid injuring them after discovery of their peril.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by Ollie Jones, as administrator, against the Louisville & Nashville Railroad Company for damages for the death of his intestate. Judgment for plaintiff and defendant appeals. Reversed and remanded.

The complaint and the facts sufficiently appear from the opinion of the court. Plea 2 is a plea of contributory negligence setting up defendant's position between the two tracks, and that he attempted to cross the said track or get upon the same in such close proximity to the engine that it could not have been stopped in time to have prevented injuring him, well knowing that said engine was approaching at a rapid rate of speed and in full view of him, and in close and dangerous proximity to him, and was seen by him or should have been seen by him at the time he got between said rails, etc. Plea 3 alleges that the intestate walked up the track upon which the engine was running at a rapid rate of speed, and went upon said track without first stopping, looking, and listening, and placed himself on the track immediately in front of a rapidly approaching engine, and in such close and dangerous proximity to it that the servants or agents in charge of said engine were unable, by the exercise of all diligence known to skillful engineers, to bring said engine to a stop before striking plaintiff's intestate, and defendant further avers

that plaintiff's intestate went upon said track with the full knowledge and consciousness that said track was a dangerous place, and that engines frequently traversed said tracks, and he remained upon said track with such knowledge and consciousness; after placing himself on said track in front of a fast approaching engine he carelessly and negligently failed to get off of the track, and in a place of safety, which he had ample time to do.

The following charges were refused to defendant: "(18) The burden is upon plaintiff in so far as he seeks to recover under count 3 to prove to your reasonable satisfaction the allegations of the facts therein, and that defendant's employees were guilty of negligence therein alleged."

(19) Same as 18. "D. If you believe from the evidence that defendant stepped on the track on which the engine was running without stopping, looking, or listening, and that this action on his part was the proximate cause of his death, and that he was not discovered in said place by any one on the engine keeping a lookout at the time, and that at the time of his getting upon the track, and his discovery in said position, the engine was so close to him that it could not have been stopped by the application of all appliances and the use of all means known to skillful engineers in time to avoid hitting and injuring him, then your verdict should be for defendant."

"G. If you believe from the evidence that Charley Humphrey gave immediate warning to the engineer when, as he saw the deceased approach and get upon the track, and that the engineer immediately cut off the steam and applied the emergency simultaneously, and did all in his power known to skillful engineers

to stop the engine, and could not avoid hitting the intestate, then defendant is not liable in this case.'"

EYSTER & EYSTER, for appellant.

CALLAHAN & HARRIS, for appellee.

MAYFIELD, J.—Appellee's intestate, an aged man, estimated to be between 60 and 80 years of age, was walking along appellant's roadbed between two parallel tracks, and just before a switch engine (moving in the same direction) was opposite him, he stepped upon the track in front of the engine and was killed. Plaintiff's evidence was in conflict as to how far the engine was from deceased when he stepped upon the track, placing it at distances varying from 50 or 60 yards to 15 or 30 feet. Plaintiff's evidence was also in conflict as to the speed of the train, it being variously estimated to have been from 15 to 25 miles per hour. The evidence was without dispute that deceased was a trespasser when he was killed. It was also without dispute that neither the engineer nor the fireman saw the deceased on the track or knew of his dangerous proximity to the track, until the engine had struck him, though they did know of his walking down the roadbed between the two tracks; but it was also without dispute that deceased was in no danger from a passing engine while so walking, and that if he had not stepped on the track on which the engine was moving, he would not have been stricken by the passing engine. There was on the engine a third man, a servant of the defendant, described as a *lookout*, whose business it was to look out for persons and objects on the track in front of the engine. There was no direct evidence that this lookout saw the deceased on the track, in time

to prevent hitting him, though there was possibly sufficient evidence to carry the question of his negligence to the jury, in failing to notify the engineer or the fireman of deceased's peril. That is to say, there was evidence from which the jury might infer that the lookout saw the deceased in time to give the warning and prevent the injury. The evidence is without dispute, however, that he did not give the warning until the engine had stricken the deceased.

(1) The case was tried on the general issue as to one count only. This count declared on subsequent negligence—that is, negligence after the discovery of intestate's peril. The specific negligence alleged was as follows: "That the said agents or servants of the defendant so, as aforesaid, in charge of said engine discovered the peril of her said intestate on said track in time to have avoided killing him; and, after discovering the perilous situation of her said intestate, the said agents or servants of the defendant in charge of said engine so negligently managed or operated the same as that, as a proximate consequence of such negligence, plaintiff's intestate was killed."

It will be observed that the specific negligence alleged was the operation or management of the engine after the discovery of intestate's peril. There was therefore an entire failure of proof as to the only negligence which was alleged. As before stated, the only possible negligence proven was the failure of the lookout to notify the engineer or the fireman of intestate's peril. If it could be said that any negligence was charged against the lookout, or that he had charge or control of the engine, it was not the negligence of his failure to notify the engineer or the fireman. There was no allegation of the only negligence which the proof tend-

ed to show, nor was there any general allegation of negligence which could be supported by the proof. For this reason the general affirmative charge should have been given for the defendant.

(2) The trial court also fell into error in its oral charge as to the burden of proof in this case, and as to the effect and application of the statute (Code, § 5476). The trial court, among other things, charged the jury as follows: "Gentlemen of the jury, our lawmakers have enacted a section of the Code, which prescribes whenever a person is injured or killed by a railroad company along the tracks, as has been detailed in this case, then the burden is not upon the plaintiff to show that the employees were negligent, but, gentlemen of the jury, whenever they establish the fact that this person was killed, the burden is upon the railroad company to show that it was not negligent."

"Our lawmakers have said whenever the evidence discloses that fact, and you are satisfied that the injury has occurred, or that death has resulted, that the burden is not upon the plaintiff to prove that defendant's servants, or agents, or employees are negligent, but the burden is upon the defendant to show that the servants, agents, or employees of defendant were not negligent."

Each of these two propositions was erroneous, as applied to the undisputed facts of this case. The intestate was a trespasser, and was therefore himself guilty of negligence. The complaint here admitted that the intestate was a trespasser, and the only theory of the count was that defendant's negligence *followed* the intestate's. The statute referred to by the court, therefore, does not place the burden of proof on the defendant to show that the intestate's negligence was subsequent to that of defendant's agents or servants. The

burden of proof, in this case, was clearly on the plaintiff to show that the negligence of the defendant was subsequent to that of the intestate, which was admitted by the count and which the proof showed without conflict. It could be conceded that the defendant was guilty of negligence in this case, and yet it would not be liable. The only disputed issue on the trial was as to whether there was any negligence after the discovery of plaintiff's intestate's peril. The count alleged that there was; and as to this, of course, the burden of proof was on the plaintiff and not on the defendant. In *Southern Railway Co. v. Smith,* 163 Ala. 174, 186, 50 South. 390, 394, it was said: "The history of the successive statutes on this subject shows that the matter which the Legislature had in view was only injuries occurring at the places specified, and section 5476 itself places the burden on the railroad company 'to show a compliance with the requirement of such sections, and that there was no negligence on the part of the company or its agents.' There would be no reason in requiring proof of the compliance with the requirements of said sections when the injury occurred at any other place, and it would be impossible to show what place is referred to where the injury occurred between two road crossings. Consequently we hold that the effect of this statute is only to require that, when an injury occurs to persons at any one of the places mentioned in the statute, the burden is on the railroad company to show compliance with the requirements of the statute, and also that there was not other negligence."

It is true that what is said above has been modified and, in part, overruled, by a later case (*Ex parte Southern Railway Co.,* 181 Ala. 486, 61 South. 881), but not to the extent of making the charge of the court, above set out, correct in a case like the one on trial, where

the injury was not at one of the places mentioned, and where the person injured was confessedly a trespasser, and the railroad company owed him no duty except not to wantonly or intentionally injure him, nor to negligently injure him after the discovery of his peril. A case like this was anticipated, as follows, in *Ex parte Southern Railway Co.*, *supra*, where it was said: "We are, of course, aware of the fact that in the practical application of said statute there may be a distinction between stock and persons, as one can be, and the other is not, deemed a trespasser. Nor do we mean to hold that the statute enlarges the care owing a trespasser, or that it increases the liability to them, or that it changes the rule of pleading, so as to relieve the plaintiff from averring that he is not a trespasser when charging only simple initial negligence.—*L. & N. R. R. Co. v. Holland*, 164 Ada. 73, 51 South. 365, 137 Am. St. Rep. 25. What we do hold is that this statute does make a change from what the law was in the Code of 1896, and as so changed is not confined in its operation to persons, stock, or property as to injuries sustained only at points covered by the three preceding sections, as was held in the *Smith Case*, *supra*."

The burden of proof was certainly not on the defendant to show that the plaintiff's intestate's negligence was subsequent to that of defendant, which was in effect what the court charged the jury. In a later case, very much like the one at bar, the trial court gave a charge requested by the defendant, which was as follows: "The burden is upon the plaintiff to prove, by the evidence in this case, to your reasonable satisfaction, every material allegation of his complaint, or of some one count thereof, and, if he has not so reasonably satisfied you by the evidence, then you must find

a verdict for defendant."—*Cardwell v. L. & N. R. R. Co.,* 185 Ala. 628, 64 South. 564.

This court held the giving of such charge to be without error, and spoke as follows on the subject: "There was no error in giving charge G requested by the defendant. It stated a proposition of law fundamentally correct and necessarily applicable in every case. If, in order to give point to appellant's argument against the charge, it be construed with special reference to section 5473 of the Code, which imposes certain duties on the operators of railroad trains at public road crossings, at regular stations and stopping places, or when entering into, or while moving within, or passing through, any village, town, or city, and section 5476, which puts upon them the burden of showing a compliance with section 5473, and that there was no negligence, still, in view of the necessary principle upon which the courts proceed in every department of jurisprudence, namely, that wrong is not presumed, and the proof lies upon him who affirms, not upon him who denies, in view of this principle of law and right, the charge merely meant that the burden rested upon plaintiff to prove the basic fact of his case, namely, that he was injured by the operation of defendant's cars or train at a place and in circumstances that brought him within the protective purview of the statute."—185 Ala. 628, 64 South., pages 565, 566.

(3) For the same reason it was error to refuse charges 18 and 19. Charges D and G were also correct charges, as applied to the issues and the evidence in this case, and the refusal of each was error.

(4) Plea 2 was not subject to any ground of the demurrer interposed, and our statute precludes this court, as well as the trial court, from considering any ground not specially assigned. There is in the plea the alter-

native allegation that the intestate saw the approaching engine, or ought to have seen it. The last alternative is probably not sufficient, but the demurrer did not take this point, and hence it could not be considered by the trial court. What was said of similar pleas in *Blackmon's Case,* 169 Ala. 304 410, 311, 53 South. 805, 807, is applicable to plea 2 in this case. It was there said: "If the special pleas, 2, 3, and 4, only set up contributory negligence on the part of plaintiff's intestate, anterior to the subsequent negligence of the defendant's servants as averred in the complaint, such as negligently going or being on the track, they would not be good, and would be subject to the grounds of the demurrer interposed thereto; but said pleas not only set up the intestate's negligence in going upon and being on the track, but invoke his negligently remaining on the track until he was struck, with a knowledge or consciousness of his danger. If he remained on the track after becoming aware of his danger, this would be negligence concurring with or subsequent to the negligence charged to the defendant's servants, and would be a complete defense to the complaint, and the trial court erred in sustaining the demurrers to defendant's plea 2, 3, and 4, as they were certainly not subject to the grounds assigned in the demurrer."

(5) Plea 3 attempted to set up the same defense, but it is indefinite and uncertain, as to whether the negligence of intestate, relied upon, was prior or subsequent to that alleged in the complaint, and hence it was subject to the demurrer interposed.

(6) There is one feature of this case which the trial court seems to have overlooked, and that is that the only count on which the case was tried alleged that plaintiff's intestate was a trespasser, walking along the defendant's track, when the injury was received;

and there is no attempt to allege or to prove wanton-
ness; reliance being placed solely upon subsequent neg-
ligence. Under this issue the defendant owed the in-
testate no duty to keep a lookout for him, and it was
not negligence to fail to discover him on the track; con-
sequently no duty was owing to him until his peril
was discovered, and the burden was therefore on the
plaintiff to show that plaintiff's intestate was discov-
ered on, or dangerously near to, the track, in time to
have prevented the injury. This was really the only
disputed issue, and the burden was not on the defend-
ant to negative this fact.

The statute referred to by the court was intended
for the protection of persons on or dangerously near
a railroad track, who are there rightfully, and not of
those who are confessedly trespassers and wrongdoers,
such as the plaintiff in this case alleges, and the proof
indisputably shows, the intestate to have been.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and DE GRAFFEN-
RIED, JJ., concur.