193 So. 139

### McKINNEY v. BIRMINGHAM ELECTRIC CO.

6 Div. 577.

Supreme Court of Alabama.

Jan. 11, 1940.

630

Morel Montgomery, of Birmingham, for appellant.

Lange, Simpson, Brantley & Robinson, of Birmingham, for appellee.

BOULDIN, Justice.

Action by pedestrian for personal injuries resulting from collision with a street-car.

The complaint contained counts charging negligence in the operation of the street-car causing or allowing it to run upon plaintiff; other counts charging wantonness; and still others charging negligence after discovery of peril.

After the evidence was all in, and before argument to the jury, all counts were withdrawn except count "B." This count lays the proximate cause of the injury to the negligence of the motorman, in this: "Said motorman, or operator after becoming aware of the peril of said street car colliding with plaintiff, and while acting within the line and scope of his employment, negligently failed to use all the means at his command to avoid said street car colliding with said plaintiff."

The plea was in short by consent in usual form.

There was verdict and judgment for defendant.

The assignments of error present for review several charges given at the re-

quest of defendant in writing numbered 16, 18, 19, 21, 22, 23, 29, 32 and 34.

These charges are to be considered in the light of the issues presented by the pleadings and the evidence.

The accident occurred on Bessemer Boulevard in Birmingham at a point just west of the crossing of 38th Street, known as Willie Street.

The street-car, moving west, had come to a stop, according to plaintiff, or slowed down to a near stop, according to defendant, on the east side of Willie Street.

The plaintiff was crossing the Boulevard from north to south. His place of business was at the southwest corner of the intersection.

Plaintiff's evidence tended to show he walked across the street and onto the track, looking straight ahead, that he did not look in the direction of the approaching street-car, did not see it, did not hear it, did not know of its approach until he was struck; that no gong was sounded; that the speed of the car had picked up to some 10 or 12 miles per hour and was not reduced; that it was daytime; that his view of the street-car and the motorman's view of him were unobstructed; that he was hard of hearing. The car struck him as he was crossing the track.

The track was laid in a parkway some 25 feet wide down the center of the Boulevard, the track in the center line of the parkway.

A pathway, used by pedestrians, led across this parkway.

Evidence for defendant tended to show the motorman saw plaintiff crossing the Boulevard, that when he reached the parkway, the gong was sounded; that plaintiff looked toward the approaching street-car and came to a stop clear of danger; that as the street-car, at a speed of 10 to 12 miles per hour approached the point of collision, plaintiff suddenly started across the track; that all available means to stop the street-car were immediately applied, but too late.

Addressing ourselves to several charges for review, particularly to the grounds upon which appellant argues there was error to reverse, we observe:

The criticism of charge 16 is directed to the closing sentence, saying: "If the jury are reasonably satisfied that prior to the time that the motorman discovered the plaintiff he was operating the street car with due care under the circumstances, and immediately upon the motorman's discovery that the plaintiff was on or so close to the track as to be imperiled the motorman exercised due care under the circumstances, and used all means at his command to avert the collision, then this is all the law requires of him and your verdict should be in favor of the defendant."

The point is made that the reference to due care in the operation of the street-car prior to discovery of the plaintiff injects into the case an inquiry outside the issue, tending to confuse the jury. Suffice to say, this expression puts an unnecessary burden on defendant as a predicate for a verdict. The plaintiff was not thereby burdened nor prejudiced.

The expression "due care under the circumstances" is the chief subject of criticism.

Without more this would leave the jury in the dark as to what constitutes due care in the premises, a question of law. A like question was decided in Bradford v. Birmingham Electric Co., 227 Ala. 285, 149 So. 729, 732, wherein it was said: " 'Due care' as employed in the charge meant such care as the law exacted, under the circumstances," and the court having in his oral charge defined the care required in the premises, the charge should be construed accordingly.

Here the oral charge did define the duty of the motorman on becoming aware of the plaintiff's peril, and this charge, likewise, in the same terms employed in Count "B" on which the case went to the jury.

In Johnson v. Louisville & N. R. Co., 227 Ala. 103, 148 So. 822, 830, dealing with negligence of an engineer on a locomotive after discovery of peril, it is said: His duty "was to do all in his power, to use all appliances at hand promptly, known to prudent and skillful engineers, to prevent injury. Louisville & Nashville R. Co. v. Young, 153 Ala. 232, 236, 45 So. 238, 16 L.R.A.(N.S.) 301; Southern R. Co. v. Alsobrook, 223 Ala. 540, 137 So. 437." The duty to use all the means at hand, or at his command, to avert the injury, is an inclusive although less detailed statement of the duty of the motorman in such cases.

A particular form of words is too exacting.

Charges 18 and 19 are based upon the doctrine of subsequent contributory

negligence, want of care on the part of plaintiff after discovery of his own peril. The plea in short by consent included this defense and the evidence for defendant clearly presented an issue thereon for the jury.

 These charges are not challenged for lack of sufficient averment that plaintiff did discover his peril, but apparently on the ground that no such issue was in the case.

A further criticism is directed to the closing words: "Any count for simple negligence."

We surmise the charges were drawn before all counts other than "B," were withdrawn. Among those withdrawn were counts for wanton injury.

But, be that as it may, the issue of subsequent negligence on the part of defendant was within all the simple negligence counts, as often held by this court, and subsequent negligence of plaintiff was presented by the plea in lieu of a replication.

The findings of fact predicated in these charges relate solely to subsequent contributory negligence of plaintiff. The charges can mean no more nor less than that under such facts plaintiff cannot recover. We see no reason to hold they brought new issues into the case and confused the jury. They might have been hurtful to defendant in inviting the jury to consider the wanton counts. Charge 21 is challenged on the same grounds as 18 and 19. The same comment will suffice.

 Charge 22 is a correct and accurate statement of the law touching contributory negligence of plaintiff after discovery of his own peril, as applied to the evidence.

 Any notion that a pedestrian, because he sees the motorman is watching him, can proceed into the path of the moving car, and force the motorman to slow down and protect him, is not the law. We would give emphatic expression to the law on this point.

 The street-car confined to its tracks, engaged in a public service, has the right of way. The footman can stop instantly. The street-car cannot. The motorman may assume the pedestrian will observe the law, and look out for his safety, until it becomes apparent that from inattention or other circumstance he may not do so. The duty to give a signal is usually the first precaution; should be given as soon as probable danger appears, and, if need be, followed up by the prompt use of all the means at hand to stop the car and avert the injury. If the motorman knows the pedestrian sees the approaching car he may assume the latter will conserve his safety until it may be too late for effective effort, on his part. These inquiries are usually for the jury.

There was no error in giving Charge 22. Birmingham Railway, Light & Power Co. v. Ætna Accident & Liability Co., 184 Ala. 601, 64 So. 44; Birmingham Railway, Light & Power Co. v. Williams, 158 Ala. 381, 48 So. 93; Alabama Power Co. v. Bass, 218 Ala. 586, 119 So. 625, 63 A.L.R. 1; Birmingham Railway, Light & Power Co. v. Fox, 174 Ala. 657, 56 So. 1013; Hilton v. Birmingham Ry., Light & Power Co., 192 Ala. 474, 68 So. 343.

 What is written suffices to indicate our opinion that there was no reversible error in giving Charges 23, 29, 32 and 34.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.