2 So.2d 899

**SOUTHERN RY. CO. v. NORRIS.**

**6 Div. 690.**

Supreme Court of Alabama.

June 13, 1941.

388

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Taylor & Higgins, of Birmingham, for appellee.

GARDNER, Chief Justice.

Plaintiff, 74 years of age, recovered damages of defendant railway as a result of a collision between his automobile which he was driving and a box car of defendant while crossing 16th Street in the City of Birmingham. It was early morning, near the break of day, but dark and lights were all burning. Defendant insisted there was no negligence on its part and that plaintiff's contributory negligence

was in fact the proximate cause of the collision. There was verdict and judgment for $1,750 and defendant appeals.

Though the rule is that pleading is to be construed most strongly against the pleader, yet we have often observed this does not call for a strained and unnatural construction of the language used. So considered we think count 1, upon which plaintiff submitted his case, sufficiently stated a cause of action. Louisville & N. R. Co. v. Cunningham Hardware Co., 213 Ala. 252, 104 So. 433; Southern Ry. Co. v. Douglass, 144 Ala. 351, 39 So. 268.

The track of the L. & N. railroad which plaintiff first crossed and at which he stopped, looked and listened was 75, or 100 feet from the three tracks of defendant to which plaintiff immediately proceeded. Though he insists he "practically stopped", before proceeding across defendant's track, he yet admitted he did not, but slowed down to about 4 miles per hour speed. He excuses his failure in this regard to the fact a switchman waived him across with his lantern and the further fact that the signal bell was not ringing, indicating no approach of a train or any cars on the track. As we read the record there was no intimation of any insistence that any law, either state or city, required any flagman at this crossing. That matter was referred to only incidentally as above indicated. If the refusal of charge 66 for defendant is not justified upon the theory it was abstract, then it is clearly justified for the reason that its substance is embraced in given charges 65, 67, 70 and 71.

The substance of refused charge 56 was embraced in given charge 53 and the principle thereof was also recognized in the oral charge. Refused charges 43, 63, 50 and 54 state the general rule requiring travelers to stop, look and listen before crossing the track, as often declared by this Court. Fayet v. St. Louis & S. F. R. Co., et al., 203 Ala. 3, 81 So. 671; Southern Rwy. Co. v. Randle, 221 Ala. 435, 128 So. 894. But they ignore plaintiff's proof tending to show that the switchman waived him to proceed across and the further fact of the automatic gong signal, with which he was familiar, and its silence indicating the way was clear. These facts considered sufficed for submission to the jury the matter of plaintiff's contributory negligence, though he failed to fully bring his car to a stop. Louisville & N. R. Co. v. Cunningham Hardware Co., supra; Birmingham Southern R. Co. v. Harrison, 203 Ala. 284, 82 So. 534. The charges were properly refused as misleading.

There was proof tending to show the box car was being backed across this street intersection with no flagman on the end, and no red lantern or other signal of approach thereon. In view of these facts and of Sections 5982 and 5987, City Code of Birmingham, the court will not be put in error for refusal of charges 76 and 77 requested by defendant. And as to charge 77 there may be added the further criticism that it is argumentative. As to refused charges 46 and 55, all that need be said is that defendant received the benefit of the substance of these charges in the oral charge of the court.

But defendant insists there was error in the oral charge in that the court preceded the statement of the rule by the words "if the operators of that train were themselves, on that occasion, exercising reasonable care in the operation of that train". The court merely meant to convey to the jury the thought that the operators of the train would not be permitted to excuse themselves from the doctrine of reasonable care and shield their own neglect by a mere assumption that plaintiff would exercise due care. We do not think reversible error is here made to appear.

A forceful argument is made as to the denial of the motion for a new trial upon the theory the verdict was contrary to the great preponderance of the evidence. The question is one not free from difficulty. It is what may properly be termed a "border line" case upon this point. The governing rule as to the review of the ruling of the trial judge in matters of this character is too well understood to need repetition here. Suffice it to say that upon due consideration and guided by this rule we have concluded that the ruling in this regard is not due to be here disturbed.

But upon the question of excessiveness of the verdict we have no hesitancy in reaching the conclusion that the verdict was excessive. The damages of $285 to the car was agreed upon. There was no

permanent injury to plaintiff and his hospitalization was not quite three days. True he suffered some injuries and evidently some shock from the accident. Perhaps the jury was over sympathetic for his age of 74 years and was likewise impressed with the operation as to prostatic trouble occurring several months afterwards. If so it is clear enough the accident had nothing to do with this trouble and we think the proof so discloses without contradiction. But a further discussion of this question is unnecessary.

 Unless the plaintiff, within 30 days from the rendition of judgment, here files a remittitur of all damages in excess of $1,000, the judgment of the lower court will be reversed. The rule governing such conditional affirmance is well understood but for convenience is restated in Louisville & N. R. Co. v. Grizzard, 238 Ala. 49, 189 So. 203.

Affirmed conditionally.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.