59 So.2d 587

**HOWELL v. GREYHOUND CORP. et al.**

6 Div. 340.

Supreme Court of Alabama.

March 13, 1952.

Rehearing Denied June 26, 1952.

Taylor, Higgins, Windham & Perdue, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellees.

LAWSON, Justice.

This is a suit under the homicide statute, § 123, Title 7, Code 1940, by appellant, as administrator of the estate of Connie Lee Howell, deceased, against appellees, the Greyhound Corporation and Fred Minshew, to recover damages for the alleged wrongful death of the intestate, which occurred at about 1:15 a. m. November 14, 1948, on a highway between Birmingham and Bessemer, in Jefferson County, when intestate was run into by a bus owned by the Greyhound Corporation and which was being driven by its employee, Fred Minshew, while acting within the line and scope of his employment. There were two counts in the complaint, one charging negligence, the other charging wantonness. The plea was in short by consent in the usual form. The case went to the jury on both counts of the complaint. Under the negligence count and the plea of the defendants, issues of simple initial negligence, contributory negligence of the plaintiff's intestate, and subsequent negligence were submitted to the jury.

There was verdict for the defendants. Judgment was in accord with the verdict. Plaintiff's motion for new trial having been overruled, he has appealed to this court.

It is insisted that the trial court erred in overruling the motion for new trial because the verdict of the jury and the judgment rendered thereon were contrary to the great weight of the evidence. We see no reason to set out the evidence. It has been read with considerable care and we find it to be in decided conflict on all material issues, and we think the evidence clearly made a case for the jury's determination. In fact, the verdict is, in our opinion, well supported by the evidence. Certainly the preponderance of the evidence was not so decidedly against the verdict as to convince us that it was wrong and unjust. Davis v. Radney, 251 Ala. 629, 38 So.2d 867, and cases cited.

Donald Suggs, a passenger on the bus at the time intestate was killed, was a witness for plaintiff. In regard to the speed of the bus at the time intestate was

hit, Suggs was asked the following questions on direct examination and gave the following answers:

"Q. You know how to drive a car, don't you? A. Not very well.

"Q. Have you had occasion to ride in cars and observe the speedometer on them, and notice the speed as you traveled along? A. Yes, sir.

"Q. In your judgment and estimation what speed was the bus traveling when this couple went across the road from your left to your right? A. Somewhere from 50 to 60 miles an hour.

"Q. Somewhere from 50 to 60 miles an hour in your estimation? A. I don't know; I didn't look at the speedometer. I don't know.

\* \* \* \* \* \*

"Q. Mr. Suggs, in your judgment how fast was the bus traveling when it hit the man? A. Around 50 I guess; something like that."

On cross-examination, the following occurred:

"Q. As you were proceeding along you say you think the bus was going somewhere around 50 or maybe 60 miles an hour? A. Yes, sir.

"Q. The bus wasn't going overly fast, was it? A. No; not overly fast."

The plaintiff objected to the question last set out above and excepted to the court's action in overruling his objection. It is argued here that the action of the court in overruling the objection constitutes reversible error.

The argument is that the rate of speed at which the bus was traveling at the time of the impact was a material point in the case, and was a disputed issue of fact, and the question as to whether the bus was traveling "overly" fast at that time, under the conditions shown to have existed, was one of the ultimate facts for the jury's determination, and it was therefore error to permit the witness to substitute his conclusion for that which the jury ought to draw from the various aspects of the evidence. This question was asked on the cross-examination of a witness whose testimony on direct as to the speed of the bus was far from showing any degree of certainty as to the speed at which the bus was traveling. We have often said that the range of cross-examination rests largely in the trial court's discretion and its ruling thereon will not be revised unless prejudicial error is clearly made to appear. Davis v. Radney, supra. Upon a consideration of the entire cause, we are of the opinion this matter was not of such prejudicial character as to justify a reversal of the cause. Harrison v. Mobile Light & R. Co., 233 Ala. 393, 171 So. 742.

■ Defendants' written charge 15 was given without error. The only criticism made of this charge by counsel for appellant, plaintiff below, is that since the accident did not occur in a town or city, there was no duty on intestate to look out for his own safety on the occasion in question in crossing the highway at a point not an intersection. This criticism is answered in the case of Smith v. Lilley, 252 Ala. 425, 41 So.2d 175. See charge 5 given at the request of defendant in that case, which charge we held to have been given without error. Even if it be conceded that the charge is misleading, this would not justify reversal of the case. Smith v. Lilley, supra. See Brown v. Woolverton, 219 Ala. 112, 121 So. 404, 64 A.L.R. 640.

■ Under the evidence in this case, the trial court did not err in giving at the request of the defendants their written charge 16. McKinney v. Birmingham Electric Co., 238 Ala. 627, 193 So. 139; Vansandt v. Brewer, 209 Ala. 131, 95 So. 463.

■ The giving of charge 24 at the request of defendants does not constitute reversible error. Kendrick v. Birmingham Southern R. Co., 254 Ala. 313, 48 So.2d 320; McKinney v. Birmingham Electric Co., supra.

The judgment of the trial court is affirmed.

Affirmed.

BROWN, FOSTER, and STAKELY, JJ., concur.