[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 704 
This appeal is from a judgment entered on a jury verdict in favor of The Western Railway of Alabama (hereinafter Western) in a suit for personal injuries brought by Kenneth Daughtry, Nelda Ann Magner and James Lawrence Jones (hereinafter plaintiffs) claiming damages for injuries sustained when the automobile in which they were riding collided with the side of a train owned and operated by Western. The trial court denied a motion for a new trial. The plaintiffs contend that the trial court erred in its ruling on objections to questions propounded to the investigating officer, D.R. Tucker, in sustaining Western's objection to certain questions propounded to plaintiffs' experts, and in giving four of Western's requested charges.
D.R. Tucker was allowed to testify on cross-examination by Western that, on the basis of various conditions he observed at the scene of the accident including damage to the rear of the Daughtry automobile, particles of paint on the metal pole which supported the crossing signal lights, which appeared to match that of the Daughtry automobile, and damage to protective posts surrounding the metal pole, it was his opinion that the pole supporting the crossing signal was struck by the Daughtry automobile. Plaintiffs objected to the admission of this testimony on the ground that it was opinion evidence, and its admission invaded the province of the jury. However, the plaintiffs had qualified Officer Tucker as an expert on direct examination; and he was allowed to testify that one of the cars struck the side of the train and that it was his opinion that the train had been struck there because of the scuff marks and guages" (sic) on the side of the train. On cross-examination Western asked this witness the following question:
 "As an expert trained in traffic investigations, is it your opinion or not, from your survey of the evidence that you saw there at the scene, both of the vehicles and of the pole itself and of any other elements there including these stobbes, as you called them, that was put around there, is it your opinion or not that that pole that held those lights was struck by the 1965 Oldsmobile which was occupied by the Plaintiff Daughtry and the Plaintiff Magner?"
Plaintiffs' attorney objected to this question on the grounds that it was confusing, misleading, called for hearsay and invaded the province of the jury.
The court said:
 "I am going to deny it based upon his cross-examination; I think he has covered it sufficiently to answer if he knows."
Thereupon, the witness stated:
"In my opinion, the car bit the pole."
This court has repeatedly held that great latitude is allowed on cross-examination; and that such latitude is enlarged when experts are being cross-examined. Louisville Nashville R. Co.v. Martin, 240 Ala. 124, 198 So. 141 (1940).
The allowance of this testimony does not constitute reversible error. *Page 705 
Plaintiffs argue that the evidence admitted through the following colloquy between Officer Tucker and Western's counsel violates the hearsay rule:
 "Q Officer Tucker, I believe you stated earlier that you were the investigating Officer at the accident that occurred at the Air Base Boulevard and the crossing of the Western Railway where the blinker lights are?
"A Yes, sir, I did.
"Q Involving the cars that these people were in?
"A Yes, sir.
 "Q At that time did Mrs. Sandra Monte come to you and tell you that she was a witness to this accident?
"A Yes, sir, she did.
 "Q What did she tell you there at the scene of the accident with respect to whether the lights, the blinking lights were working and the whistle was sounding and this sort of thing, if anything?
 "MR. LOWERY: Your Honor, we object. The witness has already testified that nobody — that the only people he talked to was the railroad crew.
 "THE COURT: Well, let's see what he has to say — he's objecting and I want to see what you have to say to counter that.
 "MR. BYARS: That just goes to his credibility, Judge. It has nothing to do with being objectionable or not. The Jury will remember what this witness said.
"THE COURT: I overrule the objection.
"BY MR. BYARS: (Continuing)
 "Q Go ahead, please, sir, and say what she said, if anything.
 "A Yes, sir. She made the statement that she was headed towards Maxwell which would be north on Air Base Boulevard. She came up to the railroad crossing, stopped for the blinking lights. She stated the lights were working and the bell was working and she saw the train coming and she had time to get across. She went on across the intersection and met two cars traveling at a high rate of speed meeting her headed south on Air Base Boulevard."
The only objection interposed to this testimony was that the witness had previously testified that the only people he talked to in the course of the investigation was the crew. No objection was made on the ground that the testimony was hearsay. Therefore, we cannot reverse the trial court in allowing the testimony. See ARCP 46.
Plaintiffs next contend that the trial court erred in admitting the testimony of Officer Tucker concerning the respective speeds of the locomotive and the vehicle operated by plaintiff Jones. This evidence was first offered by the plaintiffs. We cannot reverse the trial court for allowing evidence offered by the objecting party. State Farm Mutual AutoIns. Co. v. Humphres, 293 Ala. 413, 304 So.2d 573 (1974); DixieHighway Express, Inc. v. Southern Ry. Co., 286 Ala. 646,244 So.2d 591 (1971).
Plaintiffs also assert that the trial court erred in sustaining Western's objection to questions propounded to plaintiffs' experts Alexander, Stephens, Zadnichek and Colson concerning the safety and maintenance of the crossing in question. The contention is without merit. The record indicates that witness Colson was permitted to testify that "It is a crossing that needs upgrading . . ." Witness Zadnichek was allowed to testify that he ". . . didn't consider the maintenance of the track section for the signal circuit to be the degree it should to insure unintended operation of that signal system." The record reveals no other instance wherein the plaintiffs attempted to question Western's experts on the safety or maintenance of the crossing. The trial court cannot be put in error for excluding testimony which was not offered. If some evidence was disallowed as to the safety of the crossing, it was without injury to the plaintiffs as such *Page 706 
evidence would be merely cumulative. Chambers v. Culver,289 Ala. 724, 272 So.2d 236 (1973); Decker v. Hays, 282 Ala. 93,209 So.2d 378 (1968).
Lastly, the plaintiffs complain that the court erred in giving certain charges, requested by Western. The first of these is as follows:
 "I charge you that the law is that the burden of proof of negligence is on the plaintiffs. The defendant railroad does not have the burden of proving that it was not negligent. It is your responsibility to apply the negligence test honestly to the evidence presented to you, and not to pretend or speculate that negligence exists on the part of defendant railroad, unless you are reasonably satisfied from the evidence that negligence does exist."
Plaintiffs' contention appears to be that once the evidence established that the injury was caused by a train, the railroad is charged with the burden of showing that it complied with the safety requirements of §§ 170-172 of Title 48, Code.
We agree with Western that Cardwell v. Louisville NashvilleR.R. Co., 185 Ala. 628, 64 So. 564 (1914), is dispositive of this contention. This court, discussing the predecessor to Title 48, § 173, Code, held therein:
 "There was no error in giving charge G requested by the defendant. It stated a proposition of law fundamentally correct and necessarily applicable in every case. If, in order to give point to appellant's argument against the charge, it be construed with special reference to section 5473 of the Code, which imposes certain duties on the operators of railroad trains at public road crossings, at regular stations and stopping places, or when entering into, or while moving within, or passing through, any village, town, or city, and section 5476, which puts upon them the burden of showing a compliance with section 5473 and that there was no negligence, still, in view of the necessary principle upon which the courts proceed in every department of jurisprudence, namely, that wrong is not presumed, and the proof lies upon him who affirms, not upon him who denies, in view of this principle of law and right the charge merely meant that the burden rested upon plaintiff to prove the basic fact of his case, namely, that he was injured by the operation of defendant's cars or train at a place and in circumstances that brought him within the protective purview of the statute. If plaintiff desired definition of the conditions in which the statute operated in his case and of its effect in those conditions, that might have been had on application to the court for proper instructions to the jury.
 "Other charges given on defendant's request, and the overruling of the motion for a new trial, in view of what has been said, do not require separate treatment." 185 Ala. at 634, 635, 64 So. at 565.
§ 173 does not require the railroad to show that it was not negligent. The court's charges complained of are not abstract or otherwise erroneous.
Plaintiffs further contend that the court erred in giving Western's requested Charge "No. 18," which appears in the record as follows:
 "I charge you that the jury does not have to find fault in these cases; if the jury is reasonably satisfied from the evidence that the railroad was not guilty of negligence or wantonness, or that, if negligent or wanton, such negligence or wantonness was not a proximate cause of the accident, the jury must return a verdict for the railroad. It is not necessary that the jury find that any one of the plaintiffs is at fault to be consistent with its finding for the defendant in these cases."
Plaintiffs argue that this charge is argumentative, and that similar charges were said to be properly refused in SouthernRy. Co. v. Norris, 241 Ala. 386, 2 So.2d 899 (1941); AlabamaGreat Southern R. Co. v. Ensley Transfer Supply Co., 211 Ala. 298,100 So. 342 (1924); and Alabama Great Southern Ry. Co. v.Hanbury, 161 Ala. 358, 49 So. 467 (1909). *Page 707 
Without agreeing with the plaintiffs that the charge is argumentative, we simply note that the charges refused in the cases just cited were properly refused for other reasons stated in those opinions. Those cases are not authority for reversing the trial court for giving the charge set out here. Whether a charge is argumentative in a particular case is largely a matter left to the discretion of the trial court, and its determination will not be reversed absent a showing of prejudice to the complaining party. Mobile Cab Baggage Co. v.Busby, 277 Ala. 292, 169 So.2d 314 (1964); Bray Landrum v.Ely, 105 Ala. 553, 17 So. 180 (1894).
Plaintiffs likewise challenge the trial court's giving, at Western's request, instruction No. 33, which provides:
 "The presence of a train on or across a crossing is in itself a warning to the traveling public."
The trial court did not commit reversible error in giving this charge. This court has approved the legal principle set out in this charge. Moreover, the law imposes a continuing duty on the traveler to see that the way is clear before crossing.Southern Ry. Co. v. Randle, 221 Ala. 435, 128 So. 894 (1930). This charge merely states that the presence of the train on the crossing itself is one form of warning. It does not imply that the presence of the train would relieve the railroad of the duty to warn under all circumstances. The trial court was aware of this and so informed the jury. In its comments, immediately following Charge 34, the court instructed the jury that, once a railroad had undertaken to provide signals, those signals should be adequate and not lead one into danger. Thus, any tendency of Charge 33 to mislead the jury was immediately corrected by the court when the jury was told that the physical presence of the train could not relieve the railroad of its duty to maintain an existing system.
Plaintiffs finally contend that the following instruction was erroneously given:
 "Railroads like motorists are not required to take precautions against the negligence of another motorist. One may assume that another will take ordinary care and not operate his automobile in a negligent fashion."
Plaintiffs say that this instruction had the ". . . obvious effect of instructing the jury that the railroad crew could presume that a passing motorist could not commit suicide."McKinney v. Birmingham Electric Co., 238 Ala. 627, 193 So. 139
(1940), is authority for the trial court's charge. In that case, this court held that:
 ". . . The motorman may assume the pedestrian will observe the law, and look out for his safety, until it becomes apparent that from inattention or other circumstance he may not do so. . . . If the motorman knows the pedestrian sees the approaching car he may assume the latter will conserve his safety until it may be too late for effective effort, on his part. . . ." 238 Ala. at 632, 193 So. at 143.
And, in Fayet v. St. Louis S.F.R. Co., 203 Ala. 3, 81 So. 671
(1919), this court allowed the following charge:
 "Charge 14. Those in charge of the railroad trains operating over public railroad crossings are charged with the duty of operating the trains with due care; but I further charge you that they may assume, until the contrary becomes clearly apparent to them, that persons, apparently adults driving automobiles or other vehicles, will exercise due care to prevent a collision with the train by not going upon or remaining upon or in dangerous proximity to the track at a time when a train is approaching a crossing." 203 Ala. 3, 81 So. 671.
Finding no error to reverse, we affirm the judgment.
AFFIRMED.
MADDOX, FAULKNER and BEATTY, JJ., and CATES, P.J., of the Court of Criminal Appeals, sitting by designation of the Chief Justice, concur. *Page 708